Ramsey M. Al-Salam, Bar No. 109506
Christina J. McCullough, Bar No. 245944
PERKINS COIE LLP
1201 Third Avenue, 49th Floor
Seattle, WA 98101
Tel: 206.359.8000
Fax: 206.359.9000
RAlsalam@perkinscoie.com
CMcCullough@perkinscoie.com

Daniel T. Shvodian, Bar No. 184576
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650.838.4300
Fax: 650.737.5461
DShvodian@perkinscoie.com

Attorneys for Plaintiff
IMPINJ, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPINJ, INC., <br><br> Plaintiff, <br><br> v. <br><br> NXP USA, INC., <br><br> Defendant. | Case No. 4:19-cv-03161-YGR <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: October 21, 2019 <br> Time: 2:00 p.m. <br> Courtroom: 1, 4th Floor <br> Judge: Honorable Yvonne Gonzalez Rogers |

The parties hereby submit this Joint Case Management Statement.

## JURISDICTION AND SERVICE

1. The Court has subject matter jurisdiction over Plaintiff's ("Impinj's") claims and Defendant's ("NXP's") counterclaims under 28 U.S.C. §§ 1331 and 1338 because they arise under the patent laws, and under 28 U.S.C. §§ 2201 and 2202 under the Declaratory Judgment Act. The parties do not dispute personal jurisdiction or venue, and no parties remain to be served.

## STATEMENT OF FACTS

2. Impinj and NXP make and sell integrated circuits ("ICs") for use in radio frequency identification ("RFID") tags. The Complaint was filed on June 6, 2019 and followed nearly two years of correspondence between the parties regarding Impinj's claims of infringement. Impinj asserts that NXP has copied Impinj's patented designs and has infringed the 26 asserted patents relating to those designs. NXP has denied copying and infringement and has asserted that each of the patents are invalid, that at least one of the patents was acquired by inequitable conduct, and that it is licensed to practice some of the asserted patent claims because they are necessary and required to practice the Gen2 V2 protocol and ISO/IEC 18000-63 standard, pursuant to agreements Impinj made with these organizations. NXP has also asserted fraudulent concealment, breach of contract, and promissory estoppel relating to its Gen2 V2 and ISO/IEC 18000-63 defenses. Impinj denies that any of the affirmative defenses or counterclaims have merit and specifically denies that any of the asserted claims are necessary to practice the Gen2 V2 protocol or required to practice the ISO 18000-63 standard.

## LEGAL ISSUES

3. The parties dispute whether NXP has infringed the patents under 35 U.S.C. § 271, and whether the patent claims are invalid under 35 U.S.C. §§ 101, 102, 103, and 112. The parties might also dispute the meaning of "necessary" as it relates to the Gen2 V2 protocol, and "required" as it relates to the ISO/IEC 18000-63 standard, and they might also dispute the proper construction of various claim terms. The parties may also dispute the proper damages and equitable relief if the patents are found infringed and not invalid.

**MOTIONS**

4. No motions have been filed. NXP anticipates filing a motion to dismiss Impinj's allegations of infringement of U.S. Patent Nos. 8,881,373, 9,436,902, and 9,460,380 for lack of standing. According to documents recorded with the USPTO, Impinj, International Ltd., a Cayman Islands limited liability company that is not a party to this litigation, owns all right, title, and interest in these three patents. Impinj reserves the right to seek preliminary injunctive relief. Both parties anticipate filing dispositive motions.

**AMENDMENT OF PLEADINGS**

5. The parties do not currently anticipate amending the pleadings but propose that the deadline to amend the pleadings without leave of the Court be December 16, 2019. After this date, pleadings only may be amended subject to Federal Rule of Civil Procedure 15.

**EVIDENCE PRESERVATION**

6. The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues. The parties have instituted litigation holds to preserve relevant evidence.

**DISCLOSURES**

7. The parties have agreed to serve their Fed. R. Civ. P. 26(a) disclosures regarding the claims to be litigated in the initial phase by November 4, 2019, assuming the Court agrees with the parties' proposal to phase the litigation. No other changes will be made in form or other requirements for Rule 26(a)(1).

**DISCOVERY**

8. No discovery has been taken to date, but Impinj has served document requests.

**Impinj's Statement:** Impinj recognizes that proceeding with 26 patents will be difficult, so proposes a phased case schedule where the parties address a reasonable number of representative claims/patents in the first phase. In particular, Impinj proposes that the first phase address the following eight patents: U.S. Patent No. 7,307,528; U.S. Patent No. 7,733,227; U.S. Patent No. 7,215,251; U.S. Patent No. 10,002,266; U.S. Patent No. 8,600,298; U.S. Patent No. 9,633,302; U.S.

JOINT CASE MANAGEMENT STATEMENT

1  Patent No. 8,134,451; and U.S. Patent No. 8,344,857 and no more than 20 patent claims.  Impinj is
2  optimistic that resolving the issues associated with these patents and claims will lead to resolution
3  of the dispute.  The parties anticipate providing a stipulated protective order, e-discovery order, and
4  discovery plan pursuant to Fed. R. Civ. P. 26(f).

5  **NXP's Statement:**  Impinj's Complaint asserts 26 patents that comprise a total of 691
6  patent claims.  NXP agrees that a phased schedule is an appropriate approach to management of
7  this case.  NXP's proposals herein for managing this case are premised on the Court's agreement
8  with Impinj's proposal to litigate the eight patents identified above and 20 claims in an initial phase.
9  If the Court disagrees with Impinj's proposal, NXP respectfully requests that the Court permit the
10 parties to confer regarding an appropriate case schedule and reasonable discovery limitations based
11 upon the Court's guidance at the October 21 Case Management Conference, and then submit an
12 Amended Joint Case Management Statement by November 4, 2019.

13 The parties agree to accept service by email or other electronic means including FTP
14 transfer. Each counsel will establish an email distribution list accessible through a single external
15 email address.  Service by email or other electronic means including FTP transfer will be treated
16 as service by hand delivery.  The parties agree that service by email by 6:00 p.m. Pacific time on a
17 given day will be treated as service by personal delivery that day.  The parties agree that documents
18 filed under seal or manually must be served by email or other electronic means including FTP
19 transfer immediately following a related ECF filing, and that the email service of such documents
20 shall relate back to the time of the related ECF filing.

21 The parties agree to limit discovery as follows:

22 **Depositions**

23 The parties are continuing to discuss the number of deposition hours but are outlining their
24 positions at the time of this filing below.

25 **Impinj's Position.**  Impinj proposes that it be entitled to take up to 100 hours of depositions
26 and NXP be entitled to take 70 hours of deposition, plus up to 7 hours of depositions for each named
27 inventor. To the extent an individual is named on multiple patents, Impinj proposes that NXP have
28 up to three additional hours for each additional patent  (but no more than 16 hours of any

- 3 -

JOINT CASE MANAGEMENT STATEMENT

1  individual). Absent a showing of good cause, Impinj does not believe that NXP should be allowed
2  to take an extra 7 hours of deposition of an individual for every patent on which he is named. Much
3  of a deposition is background information, and all the patents relate to the same underlying
4  technology--ICs for RFID tags. All are thus related to the same technology and contain similar
5  terms. Much of the development history is likely related.

6  **NXP's Position.**  Party Depositions. NXP agrees with Impinj that the depositions of
7  inventors should be handled separately (there are 12 inventors of the 8 patents identified by Impinj
8  above). Excluding inventor depositions, each party shall be entitled to take up to 70 hours of
9  depositions of the other party, including Rule 30(b)(6) depositions.

10  **Inventor Depositions**. NXP shall be entitled to take up to 7 hours of depositions per
11  inventor per asserted patent. Impinj's position limiting inventor depositions to no more than 16
12  hours for any individual is unworkable. For example, John D. Hyde is a named inventor on six of
13  the eight unrelated patents identified above, and another inventor, Ronald A. Oliver, is a named
14  inventor on three unrelated patents. Other inventors also are named on more than one patent. In
15  addition, at least one of the inventors, Christopher Diorio, is not only named on two patents, but he
16  also is essential to NXP's fraudulent concealment, breach of contract and promissory estoppel
17  defenses relating to its Gen2 V2 protocol and ISO/IEC 18000-63 standard royalty-free and/or
18  RAND license defenses. NXP will need more than 12 hours with at least these inventors.

19  **Third Party Depositions.** Each party shall be entitled to take up to 50 hours of depositions
20  of third parties.

21  **Expert Depositions**. Except for damages experts, the parties agree that each party shall be
22  entitled to take up to 7 hours of deposition on each expert report that is served or up to 7 hours of
23  deposition per expert witness per asserted patent family, whichever is greater. For example, if an
24  expert submits a report covering two asserted patent families, the opposing party is entitled to
25  depose that expert for 14 hours. Unless there is a reasonable reason to do so, the parties agree that
26  each party shall be entitled to take up to 7 hours of deposition on each expert report provided by a
27  damages expert.
28

**Written Discovery**

Interrogatories.  Each party shall be entitled to serve up to 25 interrogatories.

Document Requests.  Consistent with the Federal Rules of Civil Procedure, each party may serve an unlimited number of document requests.

Requests for Admission.  Each party shall be entitled to serve up to 25 requests for admission, excluding requests for admission directed exclusively to authentication of material evidence.

Authenticity of Documents.  The parties agree that documents produced by each party from its ordinary business records shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901.  If a party serves a specific good faith written objection to the authenticity of a produced document, the presumption of authenticity will no longer apply to that document.  Any objection to a document's authenticity must be provided prior to or with the exchange of objections to trial exhibits.  The parties will promptly meet and confer to attempt to resolve any authenticity objections.

**Expert Discovery**

The parties agree that the provisions of Fed. R. Civ. P. 26(b)(4)(C), as modified or limited herein, will apply to expert discovery in this action.  Discovery of expert materials shall be limited to final expert reports and information and materials the expert considered in forming the opinions expressed in connection with those reports.  Communications with counsel, draft reports, and draft declarations or affidavits shall not be discoverable.

For the avoidance of doubt, no expert or party is required to produce or describe on a privilege log and no party may seek discovery, by any method (including by deposition), of the following, except to the extent that it constitutes factual information that the expert considered in forming his or her opinion: (i) any form of communication or work product between an expert (including his or her assistants, employees, or agents) and a party offering the testimony of such expert (including that party's employees, agents, consultants, and counsel, and their employees or agents); (ii) any form of communication or work product between an expert and his or her employees, assistants, or agents; (iii) drafts of any report, exhibit, study, work paper, computation,

1  calculation, compilation, or any other material prepared by, for, or at the direction of an expert,
2  regardless of the form in which the draft is recorded; or (iv) any notes or other writings made by,
3  for, or at the direction of an expert.  Nothing in this paragraph relieves an expert or party from the
4  duty to identify the facts, data, and assumptions that the expert considered in forming his or her
5  opinions.  Nothing in this paragraph precludes discovery of the amount and form of compensation
6  received by the expert for work undertaken on behalf of any party to this litigation.

## CLASS ACTIONS

8  9. Not applicable.

## RELATED CASES

10  10. There are no related cases.

## RELIEF

12  11. Impinj seeks damages for all past infringement pursuant to 35 U.S.C. § 284, and
13  injunctive relief only with respect to the accused UCODE 8 product.  Impinj seeks damages in the
14  form of lost profits and/or a reasonable royalty. Impinj further seeks increased damages and
15  attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise provided by law.  NXP seeks a
16  declaratory judgment that it has not infringed the asserted patents, that the asserted patents are
17  invalid, and seeks damages, certain injunctive relief and attorneys' fees in connection with its
18  counterclaims.

## SETTLEMENT AND ADR

20  12. The parties are not optimistic that settlement can be achieved but have agreed to
21  engage in mediation after discovery is complete. The parties propose that a mediation deadline be
22  two weeks after the close of discovery as set forth below.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

24  13. Both parties have not consented to a magistrate judge to conduct all further
25  proceedings including trial and entry of judgment.

## OTHER REFERENCES

27  14. The case is not suitable for reference to binding arbitration, a special master, or the
28  Judicial Panel on Multi-District Litigation.

**NARROWING OF ISSUES**

15. **Impinj's Statement.**  Impinj recognizes that it will be difficult to manage the litigation if the parties proceed on all 26 patents.  Accordingly, Impinj proposes that the parties initially proceed on the following eight patents -- U.S. Patent No. 7,307,528; U.S. Patent No. 7,733,227; U.S. Patent No. 7,215,251; U.S. Patent No. 10,002,266; U.S. Patent No. 8,600,298; U.S. Patent No. 9,633,302; U.S. Patent No. 8,134,451; and U.S. Patent No. 8,344,857, and no more than 20 claims.  The remaining patents should be held in abeyance for further proceedings to the extent necessary.  Impinj is optimistic that resolution of the issues relating to the selected patents will lead to resolution of the parties' dispute.  As requested by NXP, Impinj will agree to identify the asserted claims of the patents that are not part of phase one at the time of its Patent L.R. 3-1 disclosures, but respectfully submits that it should not otherwise be required to comply with the requirements of the Local Patent Rules (e.g., the document production required by Local Patent Rule 3-2) unless and until the parties proceed under those patents.  Impinj does not agree that it should be limited to three claims per patent for the stayed patents.  Impinj objects to being limited to the number of claims it can assert for the stayed patents, but assures NXP and the Court that it does not intend to identify every claim.  To the extent NXP believes Impinj has identified too many claims, that issue should be addressed at that time.  Impinj has been selective to the present time as to the asserted claims and plans to continue to do so.  Impinj is not seeking to overcomplicate the case, but also wants to ensure that the entire dispute between the parties is set forth.  This is appropriate for multiple reasons, including potential settlement, and because the time for damages is limited under 35 U.S.C. 286.

Impinj also objects to NXP's suggestion that the Court dismiss with prejudice the asserted patents not part of the first phase.  Impinj is unaware of any authority to support the request but, to the extent any exists, it should be raised as part of a motion, not this Case Management Statement.

As to the schedule, Impinj's schedule is consistent with the Local Rules, and does not require NXP to respond to any filing on an expedited basis.  Further, as NXP concedes, it has known of Impinj's assertions of these patents for more than two years, and has already investigated them and proffered defenses.  In addition, Impinj has agreed to limit the asserted claims to no more than

1   20 claims (and possibly no more than 15).  These are fewer claims than are often asserted in one or
2   two patent cases.  To the extent NXP reasonably needs more time to meet a deadline, Impinj will
3   be cooperative, and that issue should be addressed at the time.

4         Similarly, it is premature to require Impinj now to limit the asserted patents to four
5   following claim construction.  Claim construction almost always results in narrowed claims, and
6   that is likely to occur here.  Given the relatively small number of claims at issue, however, the issue
7   of whether there will be too many claims for trial should be addressed later, such as at the pretrial
8   conference.

9         **NXP's Statement.**  NXP agrees that it would be more efficient for the parties, and the
10  Court, to narrow the issues in this litigation that alleges infringement of 26 patents, which
11  collectively include 691 patent claims.  Even litigating eight disparate and unrelated patents in an
12  initial phase as proposed by Impinj is a very large and complex undertaking by the parties and the
13  Court.  The schedule Impinj proposes also is too accelerated to allow NXP sufficient time to defend
14  itself and, considering that Impinj waited almost two years to bring this suit after notifying NXP of
15  the alleged infringement, there is no compelling urgency to adopt Impinj's relatively speedy
16  schedule to litigate the eight unrelated patents that Impinj selected to advance in its so-called initial
17  phase.

18        In addition, the Court should stay the litigation with respect to the 18 remaining patents.
19  In fairness however, as NXP will remain subject to a one-year time bar to file petitions for *inter*
20  *partes* review of the stayed patents, NXP respectfully requests that the Court order Impinj to
21  identify asserted claims for the stayed patents by the proposed Patent L.R. 3-1 Disclosure of
22  Asserted Claims deadline and to be bound to those asserted claims for future phases of this
23  litigation, subject to a limit of not more than three asserted claims per stayed patent.  NXP
24  appreciates that Impinj has agreed to identify the asserted claims of the 18 patents that are not part
25  of the initial phase and to by bound by that identification, but NXP respectfully contends that the
26  Court also should reasonably limit the number of identified claims per patent.  Otherwise, Impinj
27  could theoretically assert all 440 claims of the remaining 18 patents, which would obviously
28

- 8 -

JOINT CASE MANAGEMENT STATEMENT

defeat the point of narrowing the issues in advance of the one-year time bar. Alternatively, NXP respectfully requests that the Court dismiss the 18 remaining patents with prejudice.

In an effort to further narrow the issues in this case, NXP proposes that the Court order Impinj to further reduce the eight patents identified above and twenty claims to no more than four patents and no more than ten claims after the Court enters its claim construction order and before expert discovery begins. That effort should result in a reasonable number of patents for trial for both the Court and the parties if the matter gets that far.

## EXPEDITED TRIAL PROCEDURE

16. Neither party seeks an expedited trial position under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## SCHEDULING

17. The parties propose the following schedule:

| Event | Impinj Proposal | NXP Proposal |
| --- | --- | --- |
| Rule 26(a)(1) Disclosures | November 4, 2019 | November 4, 2019 |
| Patent L.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions and Patent L.R. 3-2 Document Production | November 1, 2019 | November 1, 2019 |
| Deadline to Amend Pleadings (applies to all claims and counterclaims) | December 16, 2019 | December 16, 2019 |
| Patent L.R. 3-3 Invalidity Contentions and Patent L.R. 3-4 Document Production | December 17, 2019 | January 24, 2020 |
| Patent L.R. 4-1 Disclosure of Claim Terms for Construction | January 3, 2020 | February 14, 2020 |
| Patent L.R. 4-2 Disclosure of Preliminary Claim Construction and Extrinsic Evidence | January 24, 2020 | March 13, 2020 |
| Patent L.R. 3-8 Damages Contentions | January 14, 2020 | February 29, 2020 |
| Patent L.R. 4-3 Joint Claim Construction Statement | February 17, 2020 | April 17, 2020 |

| Event | Impinj Proposal | NXP Proposal |
|---|---|---|
| Patent L.R. 3-9 Responsive Damages Contentions | February 13, 2020 | March 30, 2020 |
| Designation of Experts | March 2, 2020 | Not Necessary (Per Fed. R. Civ. P. 26) |
| Patent L.R. 4-4 Completion of Claim Construction Discovery | March 18, 2020 | June 8, 2020 |
| Patent L.R. 4-5(a) Opening Claim Construction Brief | March 25, 2020 | June 29, 2020 |
| Patent L.R. 4-5(b) Responsive Claim Construction Brief | April 8, 2020 | July 24, 2020 |
| Patent L.R. 4-5(c) Reply Claim Construction Brief | April 15, 2020 | August 7, 2020 |
| Claim Construction Tutorial | At the Court's convenience | At the Court's Convenience |
| Claim Construction Hearing | [subject to Court's calendar, two weeks after Reply CC Brief] | At the Court's Convenience |
| **Case Narrowing Event:** Impinj will submit a proposed case narrowing Order that limits the number of asserted patents to no more than four (4) and the number of asserted claims to no more than ten (10). | | 21 days after Court's Claim Construction Ruling |
| Patent L.R. 3-7 Deadline to disclose intent to rely on Advice of Counsel for any patent-related claim or defense | 30 days after Claim Construction Ruling | 30 Days After Claim Construction Ruling |
| Fact Discovery Cutoff | 30 Days After Claim Construction Ruling | 30 Days After Claim Construction Ruling |
| Deadline to Participate in Mediation | 14 Days After Close of Fact Discovery | 14 Days After Close of Fact Discovery |

| Event | Impinj Proposal | NXP Proposal |
|---|---|---|
| Opening Expert Disclosures under Fed. R. Civ. P. 26(a)(2) (on issues for which a party bears the burden of proof) | 30 Days After Close of Fact Discovery | 45 Days After Close of Fact Discovery |
| Rebuttal Expert Disclosures under Fed. R. Civ. P. 26(a)(2) | 30 Days After Opening Expert Disclosures | 30 Days After Opening Expert Disclosures |
| Expert Discovery Cut-Off | 21 Days After Rebuttal Disclosures | 28 Days After Rebuttal Disclosures |
| Deadline to File Dispositive Motions, Motions to Strike Experts, or Daubert Motions | 21 Days After Close of Expert Discovery | 28 Days After Close of Expert Discovery |
| Deadline to File Response(s) to Dispositive Motions, Motions to Strike Experts, or Daubert Motions | 21 Days After Opening Motions | 28 Days After Opening Motions |
| Deadline to File Reply in Support of Dispositive Motions | 10 Days After Responsive Motions | 14 Days After Responsive Motions |
| Summary Judgment Hearing | At the Court's Convenience | At the Court's Convenience |
| Pretrial Conference | At the Court's Convenience | At the Court's Convenience |
| Pretrial Trial Disclosures Under Fed. R. Civ. P. 26(a)(3) | At the Court's Convenience | At the Court's Convenience |
| Final Pretrial Conference | At the Court's Convenience | At the Court's Convenience |
| Trial | At the Court's Convenience | At the Court's Convenience |

**TRIAL**

18. **Impinj's Statement.**  Impinj anticipates that this will be a jury trial for the first phase that will require ten days.

**NXP's Statement:** Assuming the Court agrees to a phased schedule as discussed above, NXP anticipates that a jury trial will require fifteen days to litigate the initial phase.

### DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

19. Impinj has no parent corporation or publicly held corporation that owns 10% or more of its stock. NXP Semiconductors N.V., NXP B.V., and Freescale Semiconductor Holdings B.V, Inc. are corporate parents of NXP USA, Inc. or publicly held corporations owning 10% or more of NXP USA, Inc.'s stock.

### PROFESSIONAL CONDUCT

20. The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: October 14, 2019

By: /s/ *Ramsey M. Al-Salam*
Ramsey M. Al-Salam, Bar No. 109506
Christina J. McCullough, Bar No. 245944
PERKINS COIE LLP
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Tel:  206.359.8000
Fax:  206.359.9000
RAlSalam@perkinscoie.com
CMcCullough@perkinscoie.com

Daniel T. Shvodian, Bar No. 184576
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Tel: 650.838.4300
Fax: 650.737.5461
DShvodian@perkinscoie.com

Attorneys for Plaintiff
IMPINJ, INC.

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5.1, I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request.

Dated: October 14, 2019          */s/ Ramsey M. Al-Salam*