**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| IMPINJ, INC., | Case No.: 19-CV-3161 YGR |
|---|---|
| Plaintiff, | **ORDER CONTINUING COMPLIANCE DEADLINE; LIFTING STAY IN PART** |
| v. | |
| NXP USA, INC., | |
| Defendant. | |

The parties have filed a joint statement regarding the status of proceedings on *inter partes* review. (Dkt. No. 64, ["Statement"].) In that Statement, they recount the following:

On February 18, 2020, Impinj filed a First Amended Complaint narrowing the accused patents to specified claims in eight patents: the '816, '266, '298, '504, '302, '631, '597, and '857 patents. (FAC, Dkt. No. 53.). NXP filed IPR petitions as to all eight patents and thereafter the parties stipulated to a stay pending the IPRs, entered on March 30, 2020.

The PTAB has now issued decisions on six of the eight petitions. Thus, the patents' status is as follows:

| '597, '631, '302, '266 | petitions denied |
|---|---|
| '298 and '816 | petitions granted |
| '504 and '857 | petitions granted, but Impinj "dropped all asserted claims" after the filing of the IPR petitions |

(Statement at 2.)

Based on the parties' Statement, the Court **ORDERS** as follows:

1. The informal request to lift the stay as to the '631 and '302 patents is **GRANTED**. NXP's IPR petitions have been denied and there is no overlap with the continued IPR proceedings.

2. The informal request to amend the complaint to add two additional patents that were previously dismissed is **DENIED** given the prejudice to NXP since the one-year IPR clock has now expired.  Should Impinj choose to dismiss its claims against the '298 and '816 patents as it suggests (Statement at 5:20-22), the parties should file a stipulation and proposed order to do so.

3. With respect to the '597 and '266 patents, given the asserted overlap with the '857 and '816 patents which are the subject of continuing IPR proceedings, the parties are **ORDERED** to meet and confer further to determine what can be done to permit the case to proceed expeditiously once a final decision on the IPR is rendered next year.

The parties shall file a further status statement or stipulation no later than October 9, 2020, which shall include a proposed schedule consistent with the local rules.  The current compliance deadline of September 25, 2020 is **CONTINUED** to **October 16, 2020** on the Court's 9:01 a.m. compliance calendar.

To the extent the parties require a conference with the Court, they should so request.

**IT IS SO ORDERED**.

Date: September 24, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**