1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7 | IMPINJ, INC.,

Case No.  19-cv-3161-YGR

Plaintiff,

8

v.

9

10 | NXP USA, INC.,

**PRETRIAL ORDER NO. 1 RE: PRETRIAL CONFERENCE**

Defendant.

11

12        Having considered the filings to date and the arguments and other submissions at the

13 Pretrial Conference, held on June 23, 2023, and for good cause shown the Court enters the

14 following orders:

15 1. **<u>Trial Date and Schedule:</u>**   The trial of this matter is confirmed to proceed in Courtroom 1 on

16     July 5, 2023.  Jury selection itself shall begin at beginning at approximately 9:00 a.m.  Trial

17     itself shall commence daily at 8:30 a.m.  Counsel shall arrive in court early enough to proceed

18     promptly at 8:00 a.m. with the Court to discuss issues outside the presence of the jury.  Trial

19     schedule will be Monday through Friday, from 8:30 a.m. to 1:40 p.m. with two twenty-minute

20     breaks.  Additional time may be scheduled for matters outside the presence of the jury as

21     necessary and determined by the Court.  Sidebars are not permitted.  Counsel should be

22     prepared to anticipate issues so that they may be addressed outside of normal trial hours.  In

23     this regard, Counsel should also be prepared to reconvene with the Court after the Court's

24     standing calendars which normally begin at 2:00 p.m.

25 2. The parties shall each be afforded eleven (11) hours to present their case, including opening

26     statements and closing arguments.  The parties shall receive daily timesheets advising of the

27     time remaining.  Any concerns must be raised immediately or will be waived.  The Court shall

28     note on the timesheets that plaintiff and defendant each reserve one hour for closing

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

arguments.

3. The Court sets the next pre-trial conference for Friday, June 30, 2023 at 9:00 a.m. which shall be held via the Zoom platform.

4. **Standard Motions _in Limine_:**  The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

5. The Court allows corporate representatives Chris Diorio for plaintiff and Pete Roosien for defendant.

6. Currently pending is one motion _in limine_ at Docket No. 350.  A motion _in limine_ refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  _Luce v. United States_, 469 U.S. 38, 40, n. 2 (1984). The Court's ruling on the pending motion will be issued by separate order.

7. Parties are ordered to admonish witnesses of the Court's rulings.  Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

8. **Witnesses:**  The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference.  Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

9. **By Noon on Tuesday, June 27, 2023**, the parties shall deliver via email a single joint list of all witnesses, attorneys, and others involved in the trial, in alphabetical order to be used for prospective jurors.

10. **Exhibits and Exhibit Lists:**  The parties are limited to using the Exhibits submitted on the Exhibit List.  No witness may be shown any document or other object until it has been marked for identification using an exhibit number.  The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.  The jury may not be shown any exhibits until admitted into evidence or stipulated by the

United States District Court
Northern District of California

parties as to admissibility without the express permission of the Court.

11. The parties shall resubmit the Joint Trial Exhibit List in landscape format and shall include the only the columns shown on the Appendix to the Court's standing order on civil trials. The revised list may be sent by email no later than noon on **Tuesday, June 27, 2023**.

12. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Edwin Cuenco, at (510) 637-3540, as to appropriate time for doing so. Counsel shall send the Court a proposed form of order if they would like to bring equipment into the courthouse. The United States Marshal Service requires an order.

13. Parties may use <u>encrypted</u> digital wireless system that includes a receiver and transmitter with XLR connector.

14. The parties shall review the Court's policy regarding the jury's use of a computer during deliberations at http://cand.uscourts.gov/jurypc.

15. **Jurors and Peremptory Challenges:** The Court will seat a total of eight (8) jurors and no alternates. The Court sets the number of peremptory challenges at three (3). Motions under *Batson v. Kentucky,* 476 U.S. 79 (1986) for improper use of challenges must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel. The Court will conduct the *voir dire* and give the parties 15 min to address the prospective jurors. Parties should also visit the Court's website to see the video shown to jurors on implicit bias.

16. **Jury Instructions:** Parties shall be prepared to re-format proposed final jury instructions in the manner shown in *United States of America v. John Bellhouse*, 22-cr-0066-YGR, Docket No. 151.

17. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:** To the extent not already provided, counsel shall lodge with the Court on the first day of trial a copy of all expert disclosures, including any supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68. By **Tuesday, June 27, 2023**, the parties shall confirm that they have each provided the Court with all expert reports, and if not, they shall do so.

18. **Depositions to be Used at Trial:**  Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by the questioning lawyer *and* the witness.  All other parties are expected to have their own copies available.

19. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts.  The index shall provide a space for the party and the courtroom deputy to confirm delivery of and receipt of each transcript. Delivery of the transcripts shall occur no later than **June 30, 2023.**

20. Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

21. **Witnesses at Trial:**  The parties are admonished that use of trial time is critical given the limited resources of the Court.  All parties must have witnesses ready and available to testify.  If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case.  Further, and as explained, time does not stop while waiting for witnesses to arrive in Court. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

22. **Objections:**  There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth."  If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

23. **Jury Questions:**  The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

24. **Requests for Transcripts:**  If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) as soon as possible, but in no event later than **at least** two weeks prior to the

United States District Court
Northern District of California

1   commencement of the trial.  *See* https://www.cand.uscourts.gov/about/clerks-office/

2   transcripts-court-reporters/.

3   25. **Settlement:** Counsel shall promptly notify the Court by phone and email (for after hours, use:

4   ygrchambers@cand.uscourts.gov) of any settlement.  The notification shall indicate what

5   further steps need to be taken to finalize the settlement.   Unless the Court receives notice of

6   settlement by 4:00 p.m. on the Friday prior to the Wednesday trial, jury costs will be assessed

7   where the parties do not proceed to trial as scheduled.  Civ. L.R. 40-1.  Parties are advised that

8   the trial and all trial-related dates will not be vacated until a formal Notice of Settlement and

9   dismissal is filed.

10  26. **Trial Decorum and Procedure:**  Counsel, parties, and witnesses are expected to conduct

11  themselves at all times – on or off the record and whether or not in the presence of a jury – in a

12  professional and courteous manner during trial.  Do NOT approach other parties' witnesses

13  without permission.  You may approach your own non-hostile witnesses without permission.

14  During *voir dire* you will be allowed to use the bathrooms in the jury room so that you do

15  not share the facilities with the jurors.  You may not linger in the jury room or use any exit

16  door other than the one leading to the courtroom.

17  27. **Parties' Agreed Upon Stipulations Re Conduct of Trial**:  The Court approves the parties'

18  joint stipulation as set forth in Attachment 1 included herewith.  However, the Court notes that

19  the parties have scheduled many disputes to be resolved in the half hour before the 8:30 start

20  of a trial day.  The parties are advised that the Court will not delay the start of trial to resolve

21  evidentiary disputes.  Any disputes not resolved will be done during trial and time will be

22  assessed against the party whose position fails to persuade.

23  28. Further, the Court only requires ten (10) jury binders, not twelve as listed in the parties' joint

24  stipulation.  Also, the binders shall include the following:

25  (i)      an empty "sheet protector" in which the Court can insert a page with a warning

26           regarding use of social media and duties of jurors;

27  (ii)     a glossary of technical terms;

28  (iii)    Color-coded handouts identifying the specific language of the claims which is at

issue in the patents and its import to the action.  *See* Docket No. 633 in *Oracle America, Inc. v Google*, 10-cv-3561-WHA, as an exemplar.  The handouts should also include any constructions made by the Court or to which the parties have stipulated.  Alternatively, a chart may be a better mechanism for communicating that particular information;

   (iv)   A common timeline of events, if appropriate and useful;

   (v)   Copies of the patents (on double-sided paper).  The copies of the patents should highlight or box the claims at issue;

29. The Court will include an annotated copy of the Patent Example referenced in the FJC video to be played to the jurors.

30. The binders shall be delivered by **June 27, 2023.**  The parties may have until Thursday, June 29, 2023 to provide the Court with the joint statements listed above.

31. **Procedural Stipulations:** The parties shall review and file the procedural stipulations included herewith as Attachment 2.  To the extent any objections exist, the parties shall contact the Court immediately.

32. **Trial Exhibit Certification:** Upon conclusion of the trial, the parties shall review the exhibits and confirm the accuracy of those going into the jury room.  Parties will be required to provide an index of all admitted exhibits before closing argument which shall be provided to the jury. The parties shall complete, deliver, and file the certification in the form included herewith as Attachment 3.

33. **Failure to Comply:**   Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

**

**

**

**

**

34. **<u>Other Orders:</u>**  The parties shall meet and confer on whether additional evidence regarding injunctive relief will be offered to the Court after the jury is charged.

  It Is So Ordered.

Dated: 6/26/2023

                   _____
                   Yvonne Gonzalez Rogers
              United States District Court Judge

United States District Court
Northern District of California

Attachment 1

`

# Appendix B

1

2

3

4

5

6

7

8

9

10

11

12

13            UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                 OAKLAND DIVISION

16

17   IMPINJ, INC.,                              Case No. 4:19-CV-03161-YGR

18              Plaintiff,                       **PROPOSED ORDER ON
                                                 STIPULATIONS RE: CONDUCT OF**
19        v.                                     **TRIAL**

20   NXP USA, INC.,                              Trial Date: July 5, 2023
                                                 Time: 8:00 A.M.
21              Defendant.                       Location: Courtroom 1, 4th Floor
                                                 Judge: Yvonne Gonzalez Rogers
22

23

24

25

26

27

28

1   Pursuant to Civil Local Rule 7-12 and the Court's Standing Order Re: Pretrial

2   Instructions in Civil Cases, Plaintiff Impinj, Inc. and Defendant NXP USA, Inc. hereby

3   stipulate and agree as follows, subject to the approval of the Court:

4       1.  The parties stipulate to the authenticity and business-record status of each

5   document that on its face appears to have been generated by a Party (including documents

6   generated by their employees and agents during the course of their employment or agency)

7   and produced in this case by a Party, subject to the caveat that a Party may object to the

8   admissibility of any specific statement in a document to the extent it can show that such

9   statement does not fall within Fed. R. Evid. 803(6) or should otherwise not be admitted

10  (e.g., pursuant to Fed. R. Evid. 402 or 403 or other rule).

11      2.  A legible copy of an exhibit may be offered in evidence in lieu of the

12  original subject to all foundational requirements and other objections that might be made to

13  the admissibility of the original and subject to the right of the party against whom it is

14  offered to inspect an original upon request reasonably in advance of any proposed use of

15  the copy.  For exhibits that are spreadsheets or slide presentations, the parties may use

16  electronic versions of such exhibits in their native format.

17      3.  The Parties will exchange by email lists of exhibits they intend to use during

18  direct examination or by witnesses called by designation by 8:00 p.m. local time two (2)

19  calendar days before their intended use (i.e., Sunday evening for a witness to be called on

20  Tuesday), and provide an identification of the witness(es) each such exhibit to be used with

21  on direct examination or by designation.  The Parties shall exchange objections to exhibits

22  by 8:00 p.m. one (1) calendar day before the exhibits are proposed to be introduced and the

23  Parties shall then meet and confer regarding all objections by 10:00 p.m. the day the

24  objections are provided.  To the extent good faith efforts to resolve objections fail, the

25  objecting party will raise the objections with the Court, if possible, on the morning, before

26  trial begins, of the day the exhibits are intended be used, but otherwise prior to the

27  introduction of the exhibit.

28      4.  The Parties will identify by email witnesses to be called live or by

PROPOSED ORDER ON STIPULATIONS
RE: CONDUCT OF TRIAL
Case No. 4:19-cv-03161-YGR

1    deposition (in the order that they will be called) at 8:00 p.m. two (2) calendar days in

2    advance of the day of trial during which the witnesses will testify.  For example, if a

3    witness will testify on a Monday, the witness must be identified by 8:00 p.m. on the

4    previous Saturday.  The Parties shall exchange objections to any identified witnesses by

5    8:00 p.m. the day before the witness is offered to testify.  The Parties shall then meet and

6    confer telephonically or in person by 10:00 p.m. the day the objections are provided in an

7    attempt to resolve any objections.  To the extent good faith efforts to resolve objections

8    fail, the objecting party will raise the objections with the Court, if possible, on the morning,

9    before trial begins, of the day the witness is intended to testify, but otherwise prior to

10   witness taking the stand.

11            5.   For deposition designations, the Parties will provide a list of any deposition

12   designations that party intends to present, along with estimated run-times for video, by

13   8:00 p.m. two (2) days before the designation is to be read or played.  Any counter-

14   designations and objections shall be provided by 8:00 p.m. the day before the deposition is

15   to be played.  All objections to counter-designations shall be provided no later than 9:00

16   p.m. the day the counter- designations are provided.  The Parties shall then meet and confer

17   regarding all objections by 10:00 p.m.  Any unresolved objections will be raised with the

18   Court the next morning.  Promptly after the meet and confer one (1) day before the

19   deposition testimony is to be played, the party that seeks to read or play the deposition

20   testimony must provide the opposing party a workable copy of the actual recordings to be

21   played (or testimony to be read), including all designations and counter-designations

22   included sequentially (i.e., in the order that they appeared at the deposition).

23            6.   The Parties will exchange by email copies of all documentary, graphic,

24   slide, animation, boards, and any other form of Demonstratives they plan to use at trial for

25   use during direct examination—but not for cross-examination—and an identification of

26   witnesses each such Demonstrative will be used with, by 8:00 p.m. the night before the

27   intended use.  In other words, if a demonstrative will be used on Monday, it must be

28   exchanged or made available by 8:00 p.m. on the previous Sunday.  That same evening, the

PROPOSED ORDER ON STIPULATIONS
RE: CONDUCT OF TRIAL
Case No. 4:19-CV-03161-YGR

1    Parties shall exchange objections to demonstratives by 9:00 p.m. and then meet and confer

2    regarding all objections by 10:00 p.m.  To the extent good faith efforts to resolve

3    objections fail and there are additional unresolved objections about demonstrative exhibits,

4    the objecting party will raise the objections with the Court, if possible, the morning before

5    trial begins or resumes the day the demonstratives are intended be used, or otherwise

6    before their use.  Demonstratives exchanged will not be used by the opposing party prior to

7    being used by the disclosing party.  Exhibits and demonstratives to be used on cross-

8    examination need not be disclosed in advance of the witness's examination but will be

9    provided to opposing counsel at the start of the witness's cross-examination.

10          7.  Any Demonstratives (documentary, graphic, slide, animation, mock-ups to

11   be created during opening statements with detail regarding their substance, and any other

12   form of demonstratives), deposition testimony, and exhibits to be used during opening

13   statements are to be exchanged by 10 a.m. one (1) day before the opening statements.  Any

14   physical Demonstratives, including any poster boards, must be made available for

15   inspection at the same time and physical Demonstratives must also be made available for

16   inspection at the same time along with the other demonstratives.  Any objections to the

17   opening statement disclosures must be provided by 1:00 p.m. the day the disclosures are

18   received.  The Parties shall meet and confer telephonically in an attempt to resolve any

19   objections to these disclosures by 4:00 p.m.  If the Parties cannot resolve the objections, the

20   unresolved issues will be raised with the Court in the morning, before opening statements

21   are presented to the jury.  Demonstratives exchanged will not be used by an opposing party

22   prior to being used by the disclosing party.

23          8.  The parties agree to request that the courtroom be sealed when a party's

24   confidential information, including source code or evidence concerning highly sensitive

25   business documents, testimony, or information is expected to be presented.

26          9.  The parties agree that only the specific code files or source code pages

27   discussed at trial may be offered into evidence to become part of the record, not the

28   entirety of the printed source code hard copies produced during fact discovery or their

PROPOSED ORDER ON STIPULATIONS
RE: CONDUCT OF TRIAL
Case No. 4:19-CV-03161-YGR

electronic image.  Any source code documents marked as exhibits need not be exchanged electronically.  The party intending to use the source code will identify it by Bates number(s) and the particular lines it intends to reference.  Once the trial is complete, counsel for the parties may retain a file copy of the admitted version of the source code trial exhibit(s), but any other digitized source code should be deleted.

10. The Parties agree that once a witness begins testifying, counsel may not conduct substantive discussions with that witness until they are released by the Court.  In other words, if a witness is held over past one day, counsel cannot discuss their testimony or the case with that witness until they are released.

11. The Parties request that the Court present the most current tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

12. The jurors shall be permitted to take handwritten notes during the presentations of the Parties.

13. Twelve (12) copies of an agreed juror notebook which will contain lined witness sheets with names, titles, and color photos, a copy of any agreed-upon documents (including the Asserted Patent), a list of construed terms, a legal pad, a pen, and a highlighter will be delivered to the Court before jury selection, with the exception of the witness sheets.  The witness sheets for a witness will be inserted in the notebook the morning of the witness's testimony by the court staff.

14. The Parties will share any courtroom audio-visual equipment and will provide each other electronic versions of whatever they display immediately after the display.

PROPOSED ORDER ON STIPULATIONS
RE: CONDUCT OF TRIAL
Case No. 4:19-CV-03161-YGR

1   Dated: June 7, 2023

2   PERKINS COIE                              JONES DAY

3

4   By: */s/ Ramsey M. Al-Salam*              By:*/s/ Tharan Gregory Lanier*
        Ramsey M. Al-Salam, Bar No. 109506        Tharan Gregory Lanier
5       Christina J. McCullough, Bar No.          (California State Bar No. 138784)
        245944                                    tglanier@jonesday.com
6       Antoine M. McNamara, Bar No.              Michael C. Hendershot
        261980                                    (California State Bar No. 211830)
7       R. Tyler Kendrick (admitted *pro hac*     mhendershot@jonesday.com
        *vice*)                                   Gurneet Singh
8       Jessica J. Delacenserie (admitted *pro*   (California State Bar No. 333711)
        *hac vice*)                               gsingh@jonesday.com
9       PERKINS COIE LLP                          JONES DAY
        1201 Third Avenue, 49th Floor             1755 Embarcadero Road
10      Seattle, WA 98101                         Palo Alto, CA 94303
        Tel: 206.359.8000                         Telephone:  (650) 739-3939
11      Fax: 206.359.9000                         Facsimile:  (650) 739-3900
12      RAlSalam@perkinscoie.com
        CMcCullough@perkinscoie.com               Thomas W. Ritchie (admitted *pro hac vice*)
13      AMcNamara@perkinscoie.com                 (Illinois State Bar No. 6301954)
        RKendrick@perkinscoie.com                 twritchie @jonesday.com
14      JDelacenserie@perkinscoie.com             JONES DAY
                                                  110 North Wacker Drive, Suite 4800
15                                                Chicago, IL 60606
        Daniel T. Shvodian, Bar No. 184576        Telephone:  (312) 782-3939
16      PERKINS COIE LLP                          Facsimile:  (312) 782-8585
        3150 Porter Drive
17      Palo Alto, CA 94304                       Yury Kalish (admitted *pro hac vice*)
        Tel: 650.838.4300                         (D.C. State Bar No. 1020172)
18      Fax: 650.737.5461                         ykalish@jonesday.com
        DShvodian@perkinscoie.com                 Tracy A. Stitt (admitted *pro hac vice*)
19                                                (D.C. State Bar No. 1015680)
                                                  tastitt@jonesday.com
20      Daniel T. Keese, Bar No. 280683           JONES DAY
        PERKINS COIE LLP                          51 Louisiana Ave., N.W.
21      1120 N.W. Couch Street, 10th Floor        Washington, D.C. 20001
        Portland, OR 97209-4128                   Telephone:  (202) 879-3939
22      Tel: 503.727.2000                         Facsimile:  (202) 626-1700
        Fax: 503.727.2222
23      DKeese@perkinscoie.com                    T. Kaitlin Crowder (admitted *pro hac vice*)
                                                  (Ohio State Bar No. 0095796)
24                                                Robert M. Breetz (admitted *pro hac vice*)
        *Attorneys for Plaintiff Impinj, Inc.*    (Ohio State Bar No. 0098968)
25                                                kcrowder@jonesday.com
                                                  JONES DAY
26                                                901 Lakeside Ave. E.
                                                  Cleveland, OH 44114
27                                                Telephone:  (216) 586-7347

28                                                Facsimile:  (216) 579-0212

PROPOSED ORDER ON STIPULATIONS
RE: CONDUCT OF TRIAL
Case No. 4:19-CV-03161-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jonathan McNeal Smith
(California State Bar No. 292285)
jonathansmith@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone:  (213) 489-3939
Facsimile:  (213) 243-2539

Attorneys for Defendant
NXP USA, INC.

PROPOSED ORDER ON STIPULATIONS
RE: CONDUCT OF TRIAL
Case No. 4:19-CV-03161-YGR

Attachment 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**IMPINJ, INC.,**

    Plaintiff,

  v.

**NXP USA, INC.,**

    Defendant.

CASE NO. 19-CV-03161-YGR

**PROCEDURAL STIPULATIONS
(ATTACHMENT 2 TO PRETRIAL ORDER)**

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

   For the Plaintiff _____  For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

   For the Plaintiff _____  For the Defendant _____

It is stipulated that the parties need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

   For the Plaintiff _____  For the Defendant _____

It is stipulated that, during jury deliberations, the jury may recess without further admonition and without assembling in the jury box, and that they may resume their deliberations upon the Deputy Clerk's determination that all jurors are present.

United States District Court
Northern District of California

For the Plaintiff _____            For the Defendant _____

In the absence if the trial judge, any judge of this court may receive the verdict.

For the Plaintiff _____            For the Defendant _____

(Party Name) _____            (Party Name) _____

_____            _____

Signature (Plaintiff's Attorney)                    Signature (Defense Attorney)

2

Attachment 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**IMPINJ, INC.,**

            Plaintiff,

     v.

**NXP USA, INC.,**

            Defendant.

CASE NO.: 19-CV-03161-YGR

**PARTY CERTIFICATION RE EXHIBITS DELIVERED TO JURY**

      I have reviewed the exhibits which will be submitted to the jury and confirm that they represent only those exhibits admitted into evidence during the course of the trial.

(Party Name) _____     (Party Name) _____

_____     _____
    Signature (Plaintiff's Attorney)           Signature (Defense Attorney)