1  Ramsey M. Al-Salam, Bar No. 109506
   Christina J. McCullough, Bar No. 245944
2  Antoine M. McNamara, Bar No. 261980
   Stevan R. Stark, admitted pro hac vice
3  R. Tyler Kendrick, admitted pro hac vice
   Jessica J. Delacenserie, admitted pro hac vice
4  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
5  Seattle, WA 98101
   Tel: 206.359.8000 / Fax: 206.359.9000
6  RAlsalam@perkinscoie.com
   CMcCullough@perkinscoie.com
7  SStark@perkinscoie.com
   AMcNamara@perkinscoie.com
8  RKendrick@perkinscoie.com
   JDelacenserie@perkinscoie.com
9
   Daniel T. Shvodian, Bar No. 184576
10 PERKINS COIE LLP
   3150 Porter Drive
11 Palo Alto, CA 94304-1212
   Tel: 650.838.4300 / Fax: 650.737.5461
12 DShvodian@perkinscoie.com

13 Daniel T. Keese, Bar No. 280683
   PERKINS COIE LLP
14 1120 NW Couch Street, 10th Floor
   Portland, OR 97209-4128
15 Tel: 503-727-2000 / Fax: 503-727-2222
   DKeese@perkinscoie.com
16
   Attorneys for Plaintiff Impinj, Inc..

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPINJ, INC., <br><br>   Plaintiff, <br><br> v. <br><br> NXP USA, INC., <br><br>   Defendant. | Case No. 4:19-cv-03161-YGR <br><br> **PLAINTIFF IMPINJ, INC.'S CLAIM CONSTRUCTION BRIEF** |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. STAGE SHOULD BE CONSTRUED TO MEAN "A SECTION OR PORTION OF A CIRCUIT"................................................................................................................ 1

 A. The Ordinary Meaning of Stage is a Section or Portion of Something .................. 2

 B. The Patent Uses "Stage" Flexibly as a Section or Portion of the Rectifier Circuit ...................................................................................................................... 3

 C. Courts Construe Similar Terms in the Same Manner ............................................. 6

 D. The Prosecution History Does Not Define the Term Differently .......................... 6

III. NXP HAS NO EVIDENCE THAT STAGE HAS A CONSISTENT NARROWER MEANING IN THE ART ................................................................................................... 6

IV. CONCLUSION................................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

*Cordis Corp. v. Boston Sci. Corp.*,
    561 F.3d 1319 (Fed. Cir. 2009) ................................................................................................ 1

*CytoLogix Corp. v. Ventana Med. Sys., Inc.*,
    424 F.3d 1168 (Fed.Cir.2005) ................................................................................................. 1

*Markman v. Westview Instruments, Inc.*,
    517 U.S. 370 (1996) ................................................................................................................. 1

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) ............................................................................................... 3

*SRI Int'l v. Matsushita Elec. Corp. of Am.*,
    775 F.2d 1107 (Fed. Cir. 1985) ............................................................................................... 2

*Synopsys, Inc. v. Nassda Corp.*,
    No. 3-01-cv-02519-SI, 2002 WL 344539332002 (N.D. Cal. Aug. 13, 2002) ........................ 6

*TQP Development, LLC v. Wells Fargo & Co.*,
    No. 2:12-CV-61-JRG-RSP, 2013 WL 6247363 (E.D. Tex. Dec. 2, 2013) ............................. 6

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ............................................................................................... 2

## I. INTRODUCTION

The Court should construe the term "stage" in the claims of U.S. Patent No. 8,115,597 ("the '597 Patent") as "a section or portion of a circuit" and preclude NXP from making legally erroneous and prejudicial arguments to the jury. The meaning of the term is an issue of law for the Court, not a fact issue for the jury. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996) ("We hold that the construction of a patent, including terms of art within its claim, is exclusively within the province of the court."). Further, it would be error to allow NXP to continue to argue the incorrect construction of the term "stage" to the jury. *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009) ("[I]t is improper to argue claim construction to the jury because the 'risk of confusing the jury is high when experts opine on claim construction.'") (quoting *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172-73 (Fed.Cir.2005)). The jury should not be forced to resolve the dispute as to its meaning.

## II. STAGE SHOULD BE CONSTRUED TO MEAN "A SECTION OR PORTION OF A CIRCUIT"

The '597 patent claims recite a rectifier for an RFID tag having multiple ("a plurality of") "serially coupled stages, at least one of the stages including" two "synchronous elements," each of which includes two transistors in a specific configuration. *See* '597 Patent at 10:64-11:40 (claim 1), 12:61-14:18 (claim 15). As both Mr. Oliver and Dr. Durgin testified, the patent describes the claimed stage as including specific circuit components in a specific configuration. Trial Tr. Vol. 3 (July 7, 2023) at 509:11-17 (Durgin) ("**A.** . . . When we talk about stages with respect to this patent, I'm being very consistent about using what the language and the -- what a person of ordinary skill in the art would interpret as a stage from the description. **Q.** So what does the patent say that a stage means? **A.** A stage consists of these two (indicating) synchronous elements."); Trial Tr. Vol. 2 (July 6, 2023) at 365:22-366:6 (Oliver) ("**Q.** Now, the claims refer to stages. And I think you referred to this a little bit earlier. What is the stage in the context of your invention? **A.** We saw in one of the diagrams that there's repetition, there's a structure and there's a stack of transistors. The voltage is developed along the stack and the stack of transistors may have a lot of transistors in it. It may be 16, it may be -- may be even more than that. Well, for ease of analysis, we can look for

repetition within that structure and we call that a stage."). If NXP's accused circuit has such elements in the recited configuration, then the claim "reads on" the circuit and NXP infringes.

NXP is trying to confuse the jury, however, by ascribing a narrow meaning to "stage" based on how Impinj's or NXP's engineers labelled or organized (e.g., drew boxes around) components in circuit schematics that were created years after the patent application was filed. In other words, NXP now argues, for the first time, that if its engineers happened to use the word "stage" to refer to some collection of components in their schematics, and that collection is different from what the claims require a "stage" to be, then NXP has avoided infringement. This is wrong as a matter of law. Based on both the ordinary meaning of the word and its use in the '597 patent, "stage" is equivalent to "section" or "portion" and has a flexible application. A defendant cannot avoid infringement by simply drawing boxes around different components in their design documents, especially when those boxes do not exist in the physical circuit. The boxes exist solely to improve human readability, by enabling a pictorial hierarchy that allows a person to successively view more detailed layers of the design, and to facilitate software simulation when designers are analyzing the circuit. The physical circuit contains only the transistors, other circuit components (such as capacitors), and wiring connections, without the human readability hierarchy.[1]

**A.     The Ordinary Meaning of "Stage" is a Section or Portion of Something**

The flexible meaning of "stage" is evident from its ordinary usage. "Stage" is often used to describe sections of time or a process. *See, e.g.*, https://www.merriam-webster.com/dictionary/digital (defining "stage" as meaning "5 a: a period or step in a process, activity, or development"). But the ordinary meaning of "stage" allows it to be applied flexibly. Historians can differ, for example, on how they define the stages of history, just as parents can

---

[1] NXP's argument amounts to an attempt to construe the claims in light of the accused products, which is improper. *E.g.*, *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) ("A claim is construed in the light of the claim language, the other claims, the prior art, the prosecution history, and the specification, not in light of the accused device. … That procedure would make infringement a matter of judicial whim. It is only after the claims have been construed without reference to the accused device that the claims, as so construed, are applied to the accused device to determine infringement."); *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1324 (Fed. Cir. 2009) ("Claims are properly construed without the objective of capturing or excluding the accused device.").

differ on describing the stages of their children's development, or travelers can differ in how they describe stages of a journey, or home developers can differ on defining the stages of a building project. In each instance, someone is simply sectioning time, events, or things in different ways. They are subjectively dividing something into sections to aid or simplify human understanding.

"Stage" in connection with circuit components has the same flexible meaning. It has no concrete borders. Trial Tr. Vol. 3 (July 7, 2023) at 587:4-8 (Durgin) ("Q. Does the word 'stage' … mean something specific in electrical engineering?  A. Not really. It's used to refer to any number of things that the words 'element' or 'module' or 'portion' would be synonyms for."), 509:7-10 (Durgin) ("Q. . . . Does the term 'stage' mean something really specific in engineering? A. In general engineering, no. It -- it's a generic term like stage, element, module, cell").

To the extent "stage" has an ordinary meaning in the context of circuitry, it is "an element" or "part of" a device. https://www.merriam-webster.com/dictionary/digital (defining "stage" as 6 : an element or part of an electronic device (such as an amplifier)). In a schematic, for example, "stage" can be used as shorthand to indicate a specific collection of circuit elements. Engineers use the word "stage" to help them describe the hierarchy of a circuit, such as for a stereo amplifier where they might define an input stage and an output stage. But again, these descriptions are solely for convenience and the actual physical circuit is a "flattened" collection of circuit elements without this hierarchy.

### B. The Patent Uses "Stage" Flexibly as a Section or Portion of the Rectifier Circuit

This broad definition is also consistent with its use in the patent. The intrinsic evidence, including the specification and the claims, is the best source for construing claim terms. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) ("[T]he claims themselves provide substantial guidance as to the meaning of particular claim terms"); *id.* at 1315 ("[C]laims must also be read in view of the specification, of which they are a part.") (citation omitted).

The specification and claims make clear that "stage" simply means some section or portion of the circuit. The patent repeatedly uses "stage" to refer to a section of a circuit containing various collections of components. *See, e.g.,* '597 Patent, Fig. 5A (illustrating "Dickson RF 'Charge Pump'

Stage" with two diodes and two capacitors); Fig. 6A (illustrating "NMOS RF Rectifier Stage" with two NMOS transistors and capacitors); Fig. 7A (illustrating "CMOS RF Rectifier Stage" with a NMOS transistor, PMOS transistor, and two capacitors); Fig. 8B (illustrating "synchronous rectifier stage" with two NMOS transistors, two PMOS transistors, and six capacitors); *id.* at 5:24-25 ("Demodulator 342 may be implemented in any way known in the art, for example including an attenuator stage, amplifier stage, and so on"); *id.* at 8:39 (describing "Zeroth Stage" as having "one transistor"). The word "stage" is being used flexibly to refer to a section of a circuit.

The claims also reflect that "stage" is simply a section or portion of the circuit. The substance of the claims lies in the specific configuration of the recited circuit elements. Claim one, for example, recites a stage having specific components configured in a certain way:

> a plurality of serially coupled stages, at least one of the stages including
>
> > a first synchronous element with a first beginning coupled to receive the second phase and a first ending, the first synchronous element including:
> >
> > > a first transistor having an input terminal at the first beginning, an output terminal, and a gate coupled to receive the first phase; and
> > >
> > > a second transistor having an input terminal, an output terminal at the first ending, and a gate coupled to receive the second phase, in which the input terminal of the second transistor is connected to the output terminal of the first transistor at a first intermediate node so as to form a first charge-accumulating path between the first beginning and the first ending, and there is no charge-accumulating path between the first beginning and the first ending other than the first path; and
> >
> > a second synchronous element with a second beginning to receive a first phase and a second ending, the second synchronous element including:
> >
> > > a third transistor having an input terminal at the second beginning, an output terminal, and a gate coupled to receive the second phase;
> > >
> > > a fourth transistor having an input terminal, an output terminal at the second ending, and a gate coupled to receive the first phase, in which the input terminal of the fourth transistor is connected to the output terminal of the third transistor at a second intermediate node so as to form a second charge-accumulating path between the second

> beginning and the second ending, and there is no charge-accumulating path between the second beginning and the second ending other than the second path; and
>
> in which the second beginning is coupled to the first ending.

'597 Patent at 11:4-40 (claim 1).

This configuration of a rectifier stage is illustrated in Figure 8B:



FIG. 8B

*Id.*, Fig. 8B; *see also, e.g.*, *id.* at 7:41-8:62 (describing Fig. 8B stage as including two synchronous elements, each of which includes two transistors).

Claim 15 similarly recites a "stage" as including two synchronous elements configured in a specific way (*id.* at 13:4-14:18), in addition to a "zeroth stage transistor having an input terminal connected to ground, an output terminal, and a gate coupled to receive the first phase" (*id.* at 13:1-3).

The specification does not provide a specific meaning for stage that varies from its ordinary meaning discussed above. "Stage" simply identifies a portion of a circuit. As seen above, claim 1 recites a plurality of "stages" that are "serially coupled," so there must be portions of the circuit coupled in series, and, for at least one of those stages, the portion has to include first and second synchronous elements with the recited transistors and configurations. The claims would have the same scope if "stage" were replaced with similar terms, such as "section," "cell," "module," "portion," "component," or the like.

### C. Courts Construe Similar Terms in the Same Manner

This is also consistent with how courts construe similar terms, such as "block." *See Synopsys, Inc. v. Nassda Corp.*, No. 3-01-cv-02519-SI, 2002 WL 344539332002 (N.D. Cal. Aug. 13, 2002) (defining "block" in semiconductor patent as "a portion or region of the chip design"); *TQP Development, LLC v. Wells Fargo & Co.*, No. 2:12-CV-61-JRG-RSP, 2013 WL 6247363, *17 (E.D. Tex. Dec. 2, 2013) (construing "block" to mean "a group of bits, such as a character, word, or other unit of data").

### D. The Prosecution History Does Not Define the Term Differently

The '597 patent's prosecution history does not disclaim or otherwise provide a different meaning for the term "stage." The originally filed claims recited a "plurality of stages, at least one of the stages including." *See* Ex. A[2] (2008-03-04 Transmittal of New Application) at 17. None of the amendments or comments to the Patent Office defined the meaning of "stage." Instead, the amendment that ultimately led to allowance of the claims involved adding the "second synchronous element" limitation to the claimed stage. *See* Ex. B (2011-10-02 Response After Final Rejection) at 2-3 (amendments to claim 1), 5-6 (amendments to claim 28), 7 (discussing amending then pending claims 1 and 28 to incorporate the allowable subject matter of then pending claim 29).

## III. NXP HAS NO EVIDENCE THAT STAGE HAS A CONSISTENT NARROWER MEANING IN THE ART

While the usage of the term in the patent has the most weight, NXP also has no evidence that stage is used in some consistent, narrower way in the industry. NXP's counsel suggested at trial that Dr. Van der Weide had opined as to the industry meaning of "stage" in the portion of his report that was excluded. Trial Tr. Vol. 3 (July 7, 2023) at 646:17-19 (NXP Counsel) ("He discussed that as part of the testimony that you have struck from his report for -- relating to arguing claim construction."). First, the meaning of the term is an issue of law, and Dr. van der Weide does not have the foundation to testify as to its construction to the jury. Second, at no point in his report does he assert that there is a well-understood meaning of "stage" in the industry, let alone suggest that it means anything other than some section or portion of a circuit. Indeed, he specifically takes

---

[2] Citation to exhibits in the declaration of Stevan R. Stark filed herewith.

1  the opposite approach to what NXP is now arguing when he contended that the Mandal reference
2  discloses the claimed invention.

3        Specifically, in his opening report, Dr. van der Weide explained that in mapping the claim
4  terms to the prior art Mandal reference, he disregarded how Mandal uses the term "stage" and
5  applied the patent's description. This is reflected in the illustration below from his report, where
6  he attempts to superimpose the patent's "stages" on the differently-drawn Mandal stages:



Ex. C (Dr. van der Weide's Opening Report) ¶ 187 (page 90).

He reiterated this point in his deposition:

> **Q.** So there, you're mapping the zeroth stage transistor as the first transistor of the first cell; is that correct?
>
> **A.** . . . So I want to be clear about my opinion as I'm trying to summarize it in this narrative. So turning to *page 90 of my opening report, the first figure there, Mandal uses terms like stages and labels three stages as Stage 1, Stage 2, Stage 3 in this figure*. What *I am identifying with my own annotations here is using the terminology of the '597 patent to map onto Mandal's teaching*.
>
> *But I want to make extremely clear* that we're not -- and *that I'm not, in particular, conflating the terminology of Mandal with that of the '597 patent when there is a clear and unambiguous distinction*.
>
> *So when I identify a transistor M1 in this figure and label it zeroth stage transistor using red, that is using the terminology of the '597 patent. That use of the word stage there is not meant to refer to Mandal's use of the term stage*. So I want that to be abundantly clear in anything I say in any of my testimony.

Ex. D (Sept. 1, 2022 Dr. van der Weide Dep.) at 203:19-205:10 (emphasis added).

> **Q.** . . . But in your mapping of the Mandal structure to the '597 patent, you map M2 of the first stage, Stage 1 labeled by Mandal, as

<206:4-12>
</206:4-12>

> the first transistor in the first synchronous element according to the claims; is that correct?
>
> **A.** It's correct with the proviso that the Mandal terminology is not to be confused with the terminology used in the '597 patent when I've made a distinction.

*Id.* at 206:4-12.

## IV. CONCLUSION

For the reasons above, the Court should construe "stage" as "a section or portion of the circuit." The jury should be instructed that NXP cannot avoid infringement based on how it or Impinj chose to label the stages of their circuit in past schematics, particularly when the specific box on the schematics does not exist in the physical circuit. If the accused NXP circuit has each of the recited elements of the claimed stage in the recited configuration, the claim is satisfied. NXP should also be precluded from continuing to make this legally erroneous argument to the jury.

Respectfully submitted,

DATED: July 9, 2023

By: */s/ Ramsey M. Al-Salam*
    Ramsey M. Al-Salam, Bar No. 109506
    Christina J. McCullough, Bar No. 245944
    Antoine M. McNamara, Bar No. 261980
    R. Tyler Kendrick (admitted pro hac vice)
    Jessica J. Delacenserie (admitted pro hac vice)
    PERKINS COIE LLP
    1201 Third Avenue, 49th Floor
    Seattle, WA 98101
    Tel: 206.359.8000
    Fax: 206.359.9000
    RAlSalam@perkinscoie.com
    CMcCullough@perkinscoie.com
    AMcNamara@perkinscoie.com
    RKendrick@perkinscoie.com
    JDelacenserie@perkinscoie.com

    Daniel T. Shvodian, Bar No. 184576
    PERKINS COIE LLP
    3150 Porter Drive
    Palo Alto, CA 94304
    Tel: 650.838.4300
    Fax: 650.737.5461
    DShvodian@perkinscoie.com

    Daniel T. Keese, Bar No. 280683
    PERKINS COIE LLP
    1120 N.W. Couch Street, 10th Floor
    Portland, OR 97209-4128
    Tel: 503.727.2000
    Fax: 503.727.2222
    DKeese@perkinscoie.com

    Attorneys for Plaintiff
    IMPINJ, INC.

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on July 9, 2023, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email address indicated on the Court's Electronic Mail Notice List.

Dated: July 9, 2023

*/s/ Ramsey M. Al-Salam*
Ramsey M. Al-Salam