UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IMPINJ, INC.,**<br>Plaintiff,<br>v.<br>**NXP USA, INC.,**<br>Defendant. | Case No. 19-cv-03161-YGR<br><br>**TRIAL ORDER NO. 3 DENYING MOTION TO AMEND INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 367 |

## I.    BACKGROUND

Pending before the Court is defendant NXP USA, Inc.'s ("NXP") motion to amend its invalidity contentions which was set to be heard on July 25, 2023. *See* Dkt. No. 367 ("Mtn."). Given we are in the midst of trial, the Court advances resolution of the motion. It is **DENIED**.

## II.   LEGAL STANDARD

The parties do not dispute the relevant standard.

The Court may grant leave to amend invalidity contentions "upon a timely showing of good cause." Patent L.R. 3-6. The good cause inquiry is two-fold, namely whether (1) the moving party was diligent in amending its contentions, and (2) the non-moving party would suffer prejudice if leave to amend were granted. *See 24/7 Customer, Inc. v. LivePerson, Inc.*, Case No. 15-CV-2897-JST (KAW), 2016 WL 6673983, at *2 (N.D. Cal. Nov. 14, 2016). The moving party has the burden of demonstrating good cause. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). "If the court determines that the moving party was not diligent, the inquiry may end there. However, the court retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016) (quotation omitted).

"Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (1) an adverse claim construction; (2) recent discovery of material prior art despite an earlier diligent search; and (3) recent discovery of nonpublic information about the accused product that, despite diligent efforts, was not discovered before service of the infringement contentions." *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 17-CV-05928-YGR (KAW), 2021 WL 4923370, at *1 (N.D. Cal. Aug. 10, 2021) (citing Patent L.R. 3-6). "In considering good cause, courts also examine other factors including 'the relevance of the newly discovered prior art, the difficulty in obtaining such prior art, and whether the motion appears to be motivated by gamesmanship.'" *Karl Storz Endoscopy-Am., Inc.*, 2016 WL 2855260, at *3 (citations omitted) (collecting cases).

## III.    DISCUSSION

To expedite resolution of this motion, the Court does not repeat the factual or procedural background well-known to the parties. In summary, NXP argues it should be allowed to amend its invalidity contentions due to one of the Court's rulings in its summary judgment order. To succeed, NXP needs to show that (i) it acted diligently in moving for leave to amend and (ii) granting leave would not result in prejudice to the non-movant. Neither element is satisfied.

One of the primary reasons this district enforces its deadlines is to help stop the shifting of arguments and gamesmanship. As Impinj sets forth in its opposition, the basis for its summary judgment motion was outlined in September 2022 as part of the prefiling context. Thus, at a minimum, there is no dispute that NXP was on notice of the argument then. Moreover, NXP admits that it identified HITAG itself in April 2022. NXP did not seek to amend at either time. To the contrary, that NXP chose to stand its ground and not seek to amend its invalidity contentions demonstrates the choice was strategic, not merit-based as it argues now. The record demonstrates that NXP was on notice last fall that the Court could have made an adverse claim construction ruling. That Impinj's expert downplayed the importance of HITAG as a potential non-infringing alternative is not relevant.

Next, and importantly, significant prejudice would result: more discovery would be required and trial strategy entirely upended. Even if the motion had merit, NXP should not have

waited until June 20, 2023 to file its motion and to set it with a hearing date of July 25, 2023, long after the trial was scheduled to conclude.[1] The argument that NXP was busy in a separate trial with Impinj is not an excuse. Rather, it merely reinforces that the parties here are fighting about numerous patents in numerous jurisdictions and constantly changing arguments after one (or the other) receives an adverse ruling. The Court will not encourage this behavior.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** NXP's motion to amend its invalidity contentions.

**IT IS SO ORDERED.**

Dated: 7/11/2023

*[signature]*

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] Impinj's opposition was not even due until the first day of trial and NXP did not file an administrative motion to advance or expedite briefing.

3