UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPINJ, INC.,<br>   Plaintiff,<br> v.<br>NXP USA, INC.,<br>   Defendant. | Case No. 19-cv-3161-YGR<br><br>**JURY VERDICT FORM** |

FILED

JUL 14 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WE, THE JURY IN THE ABOVE-ENTITLED CASE, unanimously render the following verdict in accordance with the instructions provided by the Court:

## SECTION A

With respect to the allegations of INFRINGEMENT as it relates to the 597 Patent:[1]

On the cause of action for infringement of the **'597 Patent, did Impinj prove,** by a preponderance of the evidence, that the NXP products infringe any of the following claims of the **597 Patent**?

|  | YES (for Impinj) | NO (for NXP) |
|---|---|---|
| Claim 1 | ✓ | |
| Claim 15 | ✓ | |

**GO TO NEXT PAGE**

---

[1] As used herein, the '597 patent at all times refers to U.S. PATENT NO. 8,115,597. Impinj means Impinj, Inc. and NXP means NXP USA, Inc.

# SECTION B

**With respect to the allegations of INVALIDITY as it relates to the '597 Patent:**

### 1. Anticipation

On the cause of action for invalidity of the **'597 Patent, did NXP prove,** by clear and convincing evidence, that any of the following claims is invalid as anticipated?

|  | YES (for NXP) | NO (for Impinj) |
|---|---|---|
| Claim 1 | _____ | ✓ |
| Claim 15 | _____ | ✓ |

### 2. Obviousness

On the cause of action for invalidity of the **'597 Patent, did NXP prove,** by clear and convincing evidence, that any of the following claims is invalid as obvious?

|  | YES (for NXP) | NO (for Impinj) |
|---|---|---|
| Claim 1 | _____ | ✓ |
| Claim 15 | _____ | ✓ |

**GO TO NEXT PAGE**

**SECTION C**

With respect to the allegations of INVALIDITY as it relates to the '302 Patent:[2]

**Obviousness**

On the cause of action for invalidity of the **'302 Patent, did NXP prove,** by clear and convincing evidence, that any of the following claims is invalid as obvious?

|  | YES (for NXP) | NO (for Impinj) |
|---|---|---|
| Claim 1 |  | ✓ |
| Claim 3 |  | ✓ |
| Claim 4 | ✓ |  |
| Claim 7 | ✓ |  |

**GO TO NEXT PAGE**

---

[2] At all times as used herein, the '302 patent refers to U.S. PATENT NO. 9,633,302.

## SECTION D

## DAMAGES

**Qualifying Sales**

Did Impinj prove, by a preponderance of the evidence, that a substantial portion of activities of the sales transactions for NXP USA's sales to AdvanIDe Americas, Inc. that are shipped to Hong Kong occurred within the United States?

Yes ____✓____     NO _____

If you answered YES, then you may include them in the damages calculation for either the '597 Patent and/or the '302 Patent. If you answered NO, then you may not include them in any damages calculation.

**GO TO NEXT PAGE**

**DAMAGES FOR '597 PATENT**

Did you answer "YES" to *any* question in Section A *and* answer "NO" to *any* question in Section B.

YES ___✓___

If "YES," then answer the questions on this page. If not, then go to next page.

**Damages for the '597 Patent: Lost Profits**

1. **Did Impinj prove,** by a preponderance of the evidence, that it would have made sales that NXP made of a product that infringes the **'597 Patent** if the infringing product had not been on the market?

YES (for Impinj) ___✓___     NO (for NXP) _____

IF NO, then skip to No. 4 below
(Damages for the '597 Patent: Reasonable Royalty)

2. **IF YES,** then what share of NXP's infringing sales, if any, did Impinj prove, by a preponderance of the evidence, that it would have made if the infringing product had not been on the market?

___57___ % (percent)

3. **IF the percent is more than zero,** what amount, if any, has Impinj proven, by a preponderance of the evidence, it is entitled to as lost profits to compensate for the sales it would have made if the infringing product had not been on the market?

$ ___17.68 million___

CONTINUE TO NO. 4 BELOW (Damages for the '597 Patent: Reasonable Royalty)

**Damages for the '597 Patent: Reasonable Royalty**

4. **What royalty rate has Impinj proven,** by a preponderance of the evidence, that Impinj and NXP would have agreed to for the **'597 patent** as a percentage of revenue earned on each infringing sale?

___3___ % (percent)

5. **For the infringing sales** for which Impinj has **not** proved its entitlement to lost profits, what amount has Impinj proved, by a preponderance of the evidence, it is entitled to as a reasonable royalty for infringement of the **'597 patent**?

$ ___727,511___

**GO TO NEXT PAGE**

**DAMAGES FOR '302 PATENT**

**Did you answer "NO" to *any* question in Section C.**

YES ___✓___

If "YES," then answer the questions on this page. If not, then go to next page.

**Damages for the '302 Patent: Lost Profits**

1. **Did Impinj prove,** by a preponderance of the evidence, that it would have made sales that NXP made of a product that infringes the **'302 Patent** if the infringing product had not been on the market?

   YES (for Impinj) ___✓___    NO (for NXP) _____

   IF NO, then skip to No. 4 below
   (Damages for the '302 Patent: Reasonable Royalty)

2. **IF YES,** then what share of NXP's infringing sales, if any, did Impinj prove, by a preponderance of the evidence, that it would have made if the infringing product had not been on the market?

   ___57___ % (percent)

3. **IF the percent is more than zero**, what amount, if any, has Impinj proven, by a preponderance of the evidence, it is entitled to as lost profits to compensate for the sales it would have made if the infringing product had not been on the market?

   $___17.79 million ($17.68 million overlaps with '597 patent lost profits)___

CONTINUE TO NO. 4 BELOW (Damages for the '597 Patent: Reasonable Royalty)

**Damages for the '302 Patent: Reasonable Royalty**

4. **What royalty rate has Impinj proven,** by a preponderance of the evidence, that Impinj and NXP would have agreed to for the **'302 patent** as a percentage of revenue earned on each infringing sale?

   ___1.5___ % (percent)

5. **For the infringing sales** for which Impinj has **not** proved its entitlement to lost profits, what amount has Impinj proved, by a preponderance of the evidence, it is entitled to as a reasonable royalty for infringement of the **'302 patent**?

   $___366,379___

   **GO TO NEXT PAGE**

# SECTION E

# WILLFUL INFRINGEMENT

**If you answered "YES" to *any* question in Section A *and* answered "NO" to *any* question in Section B, then answer the following:**

Did Impinj prove, by a preponderance of the evidence, that NXP's infringement of the '597 Patent was willful?

YES (for Impinj) _____    NO (for NXP) __✓__

**If you answered "NO" to *any* question in Section C, then answer the following:**

Did Impinj prove, by a preponderance of the evidence, that NXP's infringement of the '302 Patent was willful?

YES (for Impinj) __✓__    NO (for NXP) _____

ONCE THE JURY HAS COMPLETED THE VERDICT FORM, SIGN AND DATE BELOW, PLACE THE SIGNED VERDICT IN THE APPROPRIATE FOLDER, AND CONTACT THE COURTROOM DEPUTY.

Signed: __Andrew Hu__
Jury Foreperson

Juror Number: __6__    Dated: __7/14/2023__