UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPINJ, INC., <br><br> Plaintiff, <br><br> v. <br><br> NXP USA, INC., <br><br> Defendant. | Case No. 4:19-cv-03161-YGR <br><br> **IMPINJ, INC.'S MOTION FOR ADMINISTRATIVE RELIEF RE INCONSISTENT JURY VERDICT** <br><br> Hearing Date: July 25, 2023 <br> Without Oral Argument <br> Judge: Hon. Yvonne Gonzalez Rogers |

Pursuant to Civil Local Rule 7-11, Impinj, Inc. ("Impinj") hereby brings this motion for administrative relief to correct an inconsistency in the jury's verdict concerning the validity of U.S. Patent No. 9,633,302 ("the '302 patent").[1] Impinj has asked if NXP USA, Inc. ("NXP") intends to seek a new trial on the validity of the '302 patent, but as of the date of this Motion, has not received a response.[2]

After reviewing the jury's verdict and instructions in more detail, Impinj respectfully requests that the jury be reconvened to address the internal inconsistency in the verdict regarding the validity of claims four and seven of the '302 patent. The Court has the power to recall the jury for this purpose. *E.g.*, *Dietz v. Bouldin*, 579 U.S. 40, 54, 136 S. Ct. 1885, 1897 (2016). While that power should be exercised rarely and cautiously, it may be justified in this case if NXP otherwise seeks a new trial on the validity of the '302 patent. Reconvening the jury will be inconvenient, but Impinj respectfully submits that it is substantially less inconvenient for the Court than a new trial on the validity of the '302 patent.

The jury's verdict (*see* Dkt. 426) found that NXP had failed to prove that claims one and three of the '302 patent were invalid as obvious, but had proven claims four and seven to be invalid as obvious. As a matter of logic, claims four and seven cannot have been found obvious if independent claim one was found non-obvious. Impinj respectfully submits that the jury was confused about how to address the validity of dependent claims three, four, and seven. This confusion was reflected in jury notes two and four. Jury note two asked "[c]ould we have some clarification of Section C? Is it asking us to evaluate the obviousness of each claim from other claims?" Dkt. 428 at 5. The Court answered "[t]he obviousness of each claim is measured against the prior art. Each claim is evaluated independently." *Id.* Despite this answer, the jury asked a similar question in note four. In relevant part, the jury asked: "[d]o we need to decide about obviousness of claim 3 with consideration of claim 1?" *Id.* at 7.

---

[1] Impinj also requested this relief via email to Chambers at 12:02 p.m. Pacific on July 18, 2023.

[2] Because Impinj has not received a response from NXP on whether it intends to move for a new trial on the validity of the '302 patent, Impinj has not been able to obtain a stipulation from NXP on its requested relief pursuant to Civil Local Rule 7-12.

In response, counsel for Impinj suggested the jury was confused about the relationship between independent and dependent claims and "that they should be instructed that the limitations of Claim 1 are incorporated into Claim 3…." Tr. at 1401:20-22; *see also id.* at 1402:16-23 ("I think they're confused because I think they're going to think that the parallel lines somehow anticipates or is different than what is required by Claim 1. But as long as the Court tells them that the limitations of Claim 1 are incorporated into Claim 3, then I think it's fine. I'm not sure just saying 'dependent' – they will understand that."). The Court ultimately answered, in relevant part, "[c]laim 3 is dependent on claim 1. You should follow the Court's instructions regarding dependent claims with respect to Claim 3." Dkt. 428 at 7.

However, *the Court's jury instructions did not explain the difference between independent and dependent claims*. *See* Dkt. 427 *passim*. The distinction appears to have been removed when Impinj withdrew its claim of infringement of dependent claim 12 of the '597 patent, which was the only dependent claim before the jury for purposes of infringement. Accordingly, without an instruction on the difference between independent and dependent claims, the jury remained confused about the relationship of claim one to its dependent claims. This confusion led to the inconsistent verdict.

Impinj believes the most reasonable inference is that the dependent claims were found to be valid. This inference is reinforced by the fact that elsewhere the jury twice confirmed the validity of the '302 patent. In the damages and willful infringement sections of the verdict form concerning the '302 patent, the jury affirmed that there are valid claims of the '302 patent. *See* Dkt. 426 at 7-8. NXP may argue, however, that the inconsistency between claim one and claims four and seven warrants a new trial on validity of the '302 patent. In light of the burden a new trial would impose on all involved, particularly on the Court, Impinj respectfully submits that reconvening the jury for the limited purpose of resolving its inconsistent verdict is warranted.

DATED: July 18, 2023

By: /s/ Ramsey M. Al-Salam
    Ramsey M. Al-Salam, Bar No. 109506
    Christina J. McCullough, Bar No. 245944
    Antoine M. McNamara, Bar No. 261980
    R. Tyler Kendrick (admitted *pro hac vice*)
    Jessica J. Delacenserie (admitted *pro hac vice*)
    PERKINS COIE LLP
    1201 Third Avenue, 49th Floor
    Seattle, WA 98101
    Tel: 206.359.8000
    Fax: 206.359.9000
    RAlSalam@perkinscoie.com
    CMcCullough@perkinscoie.com
    AMcNamara@perkinscoie.com
    RKendrick@perkinscoie.com
    JDelacenserie@perkinscoie.com

    Daniel T. Shvodian, Bar No. 184576
    PERKINS COIE LLP
    3150 Porter Drive
    Palo Alto, CA 94304
    Tel: 650.838.4300
    Fax: 650.737.5461
    DShvodian@perkinscoie.com

    Daniel T. Keese, Bar No. 280683
    PERKINS COIE LLP
    1120 N.W. Couch Street, 10th Floor
    Portland, OR 97209-4128
    Tel: 503.727.2000
    Fax: 503.727.2222
    DKeese@perkinscoie.com

    *Attorneys for Plaintiff Impinj, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via U.S. District Court CM/ECF notification on July 18, 2023 to all counsel of record.

                                         */s/ Ramsey M. Al-Salam*
                                         Ramsey M. Al-Salam