1  Tharan Gregory Lanier (State Bar No. 138784)
   tglanier@jonesday.com
2  Michael C. Hendershot (State Bar No. 211830)
   mhendershot@jonesday.com
3  JONES DAY
   1755 Embarcadero Road
4  Palo Alto, CA  94303
   Telephone:  (650) 739-3939
5  Facsimile:   (650) 739-3900

6  [Additional counsel identified on signature pages]

7  Attorneys for Defendant
   NXP USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IMPINJ, INC., | Case No. 4:19-CV-03161-YGR |
|---|---|
| Plaintiff, | **NXP USA, INC.'S OPPOSITION TO ADMINISTRATIVE MOTION TO RECONVENE JURY** |
| v. | |
| NXP USA, INC., | Date: July 25, 2023 |
| Defendant. | Without Oral Argument |
| | Judge: Yvonne Gonzalez Rogers |

1    As Impinj acknowledges in its motion for administrative relief, the jury provided
2 inconsistent answers in rendering its verdict on NXP's cause of action for invalidity of U.S.
3 Patent No. 9,633,302 ("the '302 patent"). Despite finding dependent claims 4 and 7 of the '302
4 patent obvious, the jury found independent claim 1 nonobvious. In Impinj's view, "the most
5 reasonable inference is that the dependent claims were found to be valid." Dkt. 429 at 3. But the
6 jury found the opposite—by clear and convincing evidence. Implicit in Impinj's motion is the
7 recognition that "judgment must not be entered" based on the jury's inconsistent answers and
8 verdict. Fed. R. Civ. P. 49(b)(4). Instead, "the court must direct the jury to further consider its
9 answers and verdict, or must order a new trial." *Id.* The jury having been discharged several
10 days ago, only one option remains—a new trial.

11    Impinj notes that it asked whether NXP intends to seek a new trial, but had not received a
12 response as of the time it filed its administrative motion. That is true. Impinj's counsel emailed
13 NXP's counsel at 8:59 a.m., emailed the Court requesting the relief sought in its motion at 12:02
14 p.m., and filed the motion itself at 5:16 p.m. NXP's lead counsel was unavailable during the
15 three-hour interval between Impinj's request to NXP and its request to the Court, and thus had no
16 opportunity to consider that request—much less convey it to his client—before Impinj contacted
17 the Court directly. And despite having raised the issue to the Court, Impinj did not wait even a
18 day for a response from either NXP or the Court before filing its motion.

19    NXP now states for the record that it intends to seek a new trial based on the jury's
20 inconsistent verdict. Both the Federal Circuit and district courts applying Ninth Circuit law have
21 recognized the propriety of that relief under analogous circumstances. *See Comaper Corp. v.*
22 *Antec, Inc.*, 596 F.3d 1343, 1349–50 (Fed. Cir. 2010) ("[W]hen faced with inconsistent verdicts
23 [related to the obviousness of independent and dependent claims] and the evidence would support
24 either of the inconsistent verdicts, the district court must order a new trial."); *Callaway Golf Co.*
25 *v. Acushnet Co.*, 576 F.3d 1331, 1344–45 (Fed. Cir. 2009) (finding "a new trial rather than entry
26 of judgment was required as to claims 4 and 5 of the '293 patent" where the jury found
27 independent claim 4 nonobvious and dependent claim 5 obvious and "the evidence at trial was
28 such that the jury could have rationally reached either verdict with regard to the asserted claims");

1   *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 818 F. Supp. 2d 1193, 1221 (E.D. Cal. 2011), *reconsidered on other grounds*, No. 05-CV-1411-MLH (GSA), 2012 WL 13040409 (E.D. Cal. May 7, 2012) ("Pursuant to the guidance provided by *Zhang* [*Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003)] and Rule 49(b)(4), a new trial on the issue of obviousness is warranted to the extent the Plaintiff is not entitled to judgment as a matter of law" where jury found "certain dependent claims were proven obvious, while simultaneously finding that independent claim 1 was not proven obvious.").

To avoid that result, Impinj asks the Court to reconvene the jury. While that may have been within the Court's power had Impinj made its request shortly after the jury was discharged, too much time has passed to make that a practical option now—several days after discharge, with the jurors freed from their obligations to remain insulated from prejudicial sources of information, to avoid talking to non-jurors about the case, and to maintain focus on the key facts, arguments, and instructions from the Court. *See Dietz v. Bouldin*, 579 U.S. 40, 49–51 (2016) (elaborating on the many forms of prejudice arising from reconvening a jury, while finding trial court did not abuse its discretion in reconvening jury where "[t]he jury was out for only a few minutes after discharge" before the court rescinded its discharge order and recalled the jury to deliberate further). Whatever the reason for the inconsistent verdict here—and NXP will not speculate in the context of an administrative motion when formal post-trial briefing is already underway[1]—it is too late to unring the bell that sounded when the jurors left the courthouse to resume their lives after completing their civic duty.

For these reasons, the Court should deny Impinj's motion and evaluate NXP's forthcoming new trial motion on its merits in the ordinary course of post-trial briefing.

---

[1] While NXP appreciates that Impinj now desires to move quickly, it objects to the use of a motion for administrative relief under Local Rule 7-11 to obtain substantive relief governed by the Federal Rules of Civil Procedure. *See* Civil L.R. 7-11 (governing motions for court orders "with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned judge," "such as motions to exceed otherwise applicable page limitations or motions to file documents under seal").

| | | |
|---|---|---|
| 1 | Dated: July 20, 2023 | JONES DAY |
| 2 | | |
| 3 | | By: */s/ Michael C. Hendershot* |
| 4 | | Michael C. Hendershot |
| 5 | | Tharan Gregory Lanier<br>(California State Bar No. 138784)<br>tglanier@jonesday.com |
| 6 | | Michael C. Hendershot |
| 7 | | (California State Bar No. 211830)<br>mhendershot@jonesday.com |
| 8 | | Gurneet Singh<br>(California State Bar No. 333711)<br>gsingh@jonesday.com |
| 9 | | JONES DAY |
| 10 | | 1755 Embarcadero Road<br>Palo Alto, CA 94303<br>Telephone: (650) 739-3939 |
| 11 | | Facsimile: (650) 739-3900 |
| 12 | | Thomas W. Ritchie (admitted *pro hac vice*)<br>(Illinois State Bar No. 6301954) |
| 13 | | twritchie@jonesday.com<br>Lisa L. Furby (admitted *pro hac vice*) |
| 14 | | (Illinois State Bar No. 6312855)<br>lfurby@jonesday.com |
| 15 | | John M. Michalik (admitted *pro hac vice*)<br>(Illinois State Bar No. 6280622) |
| 16 | | jmichalik@jonesday.com<br>Timothy J. Heverin (admitted *pro hac vice*) |
| 17 | | (Illinoi State Bar No. 06243107)<br>tjheverin@jonesday.com |
| 18 | | JONES DAY<br>110 North Wacker Drive, Suite 4800 |
| 19 | | Chicago, IL 60606<br>Telephone: (312) 782-3939 |
| 20 | | Facsimile: (312) 782-8585 |
| 21 | | Yury Kalish (admitted *pro hac vice*)<br>(D.C. State Bar No. 1020172) |
| 22 | | ykalish@jonesday.com<br>Tracy A. Stitt (admitted *pro hac vice*) |
| 23 | | (D.C. State Bar No. 1015680)<br>tastitt@jonesday.com |
| 24 | | Robert Levent Herguner (admitted *pro hac vice*) |
| 25 | | (New York State Bar No. 5722228)<br>rlherguner@jonesday.com |
| 26 | | JONES DAY<br>51 Louisiana Ave., N.W. |
| 27 | | Washington, D.C. 20001<br>Telephone: (202) 879-3939 |
| 28 | | |

| | |
|---|---|
| 1 | Facsimile: (202) 626-1700 |
| 2 | T. Kaitlin Crowder (admitted *pro hac vice*) |
| | (Ohio State Bar No. 0095796) |
| 3 | Robert M. Breetz (admitted *pro hac vice*) |
| | (Ohio State Bar No. 0098968) |
| 4 | kcrowder@jonesday.com |
| | JONES DAY |
| 5 | 901 Lakeside Ave. E. |
| | Cleveland, OH 44114 |
| 6 | Telephone: (216) 586-7347 |
| | Facsimile: (216) 579-0212 |
| 7 | |
| | Jonathan McNeal Smith |
| 8 | (California State Bar No. 292285) |
| | jonathansmith@jonesday.com |
| 9 | JONES DAY |
| | 555 South Flower Street, Fiftieth Floor |
| 10 | Los Angeles, CA 90071 |
| | Telephone: (213) 489-3939 |
| 11 | Facsimile: (213) 243-2539 |
| 12 | Matthew J. Silveira |
| | (California State Bar No. 264250) |
| 13 | JONES DAY |
| | 555 California Street, 26th Floor |
| 14 | San Francisco, CA 94104 |
| | Telephone: (415) 626-3939 |
| 15 | Facsimile: (415) 875-5700 |
| | msilveira@jonesday.com |
| 16 | |
| | Attorneys for Defendant |
| 17 | NXP USA, INC. |