Ramsey M. Al-Salam, Bar No. 109506
Christina J. McCullough, Bar No. 245944
Antoine M. McNamara, Bar No. 261980
Stevan R. Stark, admitted *pro hac vice*
R. Tyler Kendrick, admitted *pro hac vice*
Jessica J. Delacenserie, admitted *pro hac vice*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Tel: 206.359.8000 / Fax: 206.359.9000
RAlsalam@perkinscoie.com
CMcCullough@perkinscoie.com
AMcNamara@perkinscoie.com
SStark@perkinscoie.com
RKendrick@perkinscoie.com
JDelacenserie@perkinscoie.com

Daniel T. Shvodian, Bar No. 184576
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650.838.4300 / Fax: 650.737.5461
DShvodian@perkinscoie.com

Daniel T. Keese, Bar No. 280683
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Tel: 503-727-2000 / Fax: 503-727-2222
DKeese@perkinscoie.com

Attorneys for Plaintiff Impinj, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPINJ, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NXP USA, INC.,<br><br>　　　　Defendant. | Case No. 4:19-cv-03161-YGR<br><br>**IMPINJ, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR ADMINISTRATIVE MOTION TO RECONVENE JURY**<br><br>Hearing Date: July 25, 2023<br>Without Oral Argument<br>Judge: Hon. Yvonne Gonzalez Rogers |

　　　Impinj, Inc. has moved to reconvene the jury to avoid the possibility of an unnecessary second trial on the obviousness or non-obviousness of the claims of the '302 patent. The parties

agree that the jury verdict is inconsistent, and NXP has made clear that it intends to seek a new trial on the issue and has cited authority for its motion. Opp. at 2. Impinj believes that NXP has waived its right to seek such relief by failing to raise the issue before the jury was discharged. More specifically, the issue of waiver turns on whether the jury verdict was a *general* or *special* verdict. *See, e.g., Home Indem. Co. v. Lane Powell Moss and Miller,* 43 F.3d 1322, 1331 (9th Cir. 1995) ("We conclude that the district court properly refused to amend the judgment because Home waived its objection to the jury's verdict on its contribution claim by not objecting to the alleged inconsistency prior to the dismissal of the jury."); *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 818 F. Supp. 2d 1193, 1219 (E.D. Cal. 2011), *reconsidered on other grounds*, No. 05-CV-1411-MLH (GSA), 2012 WL 13040409 (E.D. Cal. May 17, 2012) (discussing that waiver applies for to general verdicts but not special verdicts). The Ninth Circuit has held that a court does not have "authority to grant a new trial on the basis of legally irreconcilable general verdicts." *Duhn Oil, supra* at 1220 (citing *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1231 (9th Cir. 2003)).

Accordingly, the issue turns on whether the jury verdict in the instant case should be considered general or special. In *Function Media, LLC v. Google Inc.,* 708 F.3d 1310 (Fed. Cir. 2013), the Federal Circuit held a verdict equivalent to that of the instant case was a *general* verdict. *See id.* at 1329-30 (holding that questions of whether defendant had proven by clear and convincing evidence that specific claims were anticipated or obvious was a general verdict, subject to waiver for failure to object prior to dismissal of jury). As the court held there, it would "be improper to allow [plaintiff] to now argue inconsistencies require an entirely new trial when it failed to object at the only time when an inconsistency could have been cured." *Id.* at 1330; *but see Duhn Oil, supra* at 1220 (holding that irreconcilable findings on obviousness of independent and dependent claims warranted new trial despite apparent waiver).

But to the extent the Court wants to avoid the possibility of a new trial, it should reconvene the jury because the jury was confused regarding how to judge obviousness of dependent claims, in part because *there was no jury instruction on the difference between dependent and independent claims*. Had the jury understood that the limitations of the independent claim were incorporated

into the dependent claims, it would have reached the same conclusions for claims 4 and 7, as it did for claims 1 and 3.

NXP argues it is too late to reconvene the jury, because they have been "freed from their obligations to remain insulated from prejudicial sources of information, to avoid talking to non-jurors about the case, and to maintain focus on the key facts, arguments and instruction from the Court." Op. at 2. But the Court can poll each juror on these issues. While it might be too late, it would be better to see if that is the case rather than simply assume it to be so. Impinj is confident that, if polled, the jurors will explain had they understood the dependent claims included all the limitations of the independent claims, they would have found that there was no clear and convincing evidence of obviousness.

Case No. 4:19-cv-03161-YGR                                3                          IMPINJ REPLY ISO MOTION FOR
                                                                                    ADMINISTRATIVE RELIEF

1 | Respectfully submitted:

2 | July 21, 2023

By: */s/ Ramsey M. Al-Salam*
Ramsey M. Al-Salam, Bar No. 109506
Christina J. McCullough, Bar No. 245944
Antoine M. McNamara, Bar No. 261980
R. Tyler Kendrick (admitted *pro hac vice*)
Jessica J. Delacenserie (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, 49th Floor
Seattle, WA 98101
Tel: 206.359.8000/Fax: 206.359.9000
RAlSalam@perkinscoie.com
CMcCullough@perkinscoie.com
AMcNamara@perkinscoie.com
RKendrick@perkinscoie.com
JDelacenserie@perkinscoie.com

Daniel T. Shvodian, Bar No. 184576
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Tel: 650.838.4300/Fax: 650.737.5461
DShvodian@perkinscoie.com

Daniel T. Keese, Bar No. 280683
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Tel: 503.727.2000/Fax: 503.727.2222
DKeese@perkinscoie.com

*Attorneys for Plaintiff Impinj, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via U.S. District Court CM/ECF notification on July 21, 2023 to all counsel of record.

*/s/ Ramsey M. Al-Salam*
Ramsey M. Al-Salam