Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Michael C. Hendershot (State Bar No. 211830)
mhendershot@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:  (650) 739-3939
Facsimile:   (650) 739-3900

[Additional counsel identified on signature pages]

Attorneys for Defendant
NXP USA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IMPINJ, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NXP USA, INC.,<br><br>Defendant. | Case No. 4:19-CV-03161-YGR<br><br>**NXP USA, INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF TRIAL ORDER NO. 3 DENYING MOTION TO AMEND INVALIDITY CONTENTIONS (DKT. 411)**<br><br>**[Civ. L.R. 7-9 – No Hearing Required]**<br><br>Judge: Yvonne Gonzalez Rogers |

NXP respectfully requests that the Court grant it leave to move for reconsideration of the decision denying NXP's motion for leave to amend its invalidity contentions for U.S. Patent No. 9,633,302 ("the '302 patent").  NXP seeks to include a single prior art reference (HITAG µ ISO 18000 datasheet).  NXP previously sought to amend its contentions to include HITAG because at summary judgment Impinj urged, and the Court ruled, that the last limitation of claim 1 of the '302 patent was non-substantive—a limitation that NXP acknowledges HITAG does not meet—and this construction renders HITAG anticipatory.  Reconsideration is warranted due to the substantial change in circumstances following the Court's denial of NXP's motion to amend.  When the HITAG datasheet was introduced at trial for other purposes, the jury asked whether it could be considered prior art.  Impinj's trial counsel acknowledged HITAG's relevance to every element of the asserted claims, allowing that he thought it infringed (which would render it anticipatory given its prior art status).  The Court subsequently granted a new trial on the validity of claims 1, 3, 4, and 7 of the '302 patent, and in its November 3, 2023 Pretrial Order set a re-trial for March 18, 2024.  The inclusion of HITAG is necessary for a comprehensive and fair determination of the '302 patent's validity and will ensure that the upcoming re-trial is decided based on a full and accurate record.

## I.    __INTRODUCTION__

NXP seeks to include HITAG as a prior art reference for the upcoming re-trial on the validity of claims 1, 3, 4 and 7 of the '302 patent.  NXP moved for leave to amend its invalidity contentions to add HITAG during the brief window between (a) the Court's May 22 order granting summary judgment of infringement of those claims based on the Court's construction of the final limitation of independent claim 1 as non-substantive and (b) the July 5 start of trial.  Dkts. 339, 367, 397.  The Court denied that motion, finding that NXP did not seek to amend in a timely manner and that significant prejudice would result from allowing amendment during trial, as "more discovery would be required and trial strategy entirely upended." Dkt. 411 at 2.

The landscape of the action has changed dramatically since then.  On July 14, 2023, a jury rendered an inconsistent verdict finding independent claim 1 of the '302 patent valid and dependent claims 4 and 7 invalid.  On September 28, 2023, the Court vacated that verdict and

1  ordered a new trial on obviousness, with the new trial date to be set in a separate order.  Dkt. 471

2  at 16.  On November 3, 2023, the Court issued Pretrial Order No. 1A setting a re-trial date for

3  March 18, 2024.  Dkt. 486 at 1.

4        The initial exclusion of HITAG, though recognized as prior art by the jury, was a decision

5  premised on concerns of undue prejudice and disruption of the trial.  But any prejudice has

6  dissipated following the grant of a new trial, which is more than four months away.  And

7  statements by both the jury and Impinj's counsel at trial reinforce that HITAG is highly relevant

8  prior art.  Allowing amendment aligns with the judicial preference for deciding cases on their

9  merits and serves the public interest by fostering a complete and equitable assessment of patent

10  validity.  NXP therefore asks that the Court allow it to move for reconsideration of the order

11  prohibiting it from amending its invalidity contentions to add HITAG as prior art, thereby

12  enabling a complete and fair evaluation of the validity of the '302 patent's asserted claims.

13  **II.      LEGAL STANDARD**

14        Under Civil Local Rule 7-9, leave to move for reconsideration should be granted upon a

15  showing (a) of "reasonable diligence in bringing the motion" and (b) either (1) "[t]hat at the time

16  of the motion for leave, a material difference in fact or law exists from that which was presented

17  to the Court before entry of the interlocutory order for which reconsideration is sought"; or

18  (2) "[t]he emergence of new material facts or a change of law occurring after the time of such

19  order."  Civil L.R. 7-9(b).  Where reconsideration is requested based on a material difference in

20  fact or law, the moving "party also must show that in the exercise of reasonable diligence [it] did

21  not know such fact or law at the time of the interlocutory order."  *Id.* at 7-9(b)(1).[1]

22        As for the underlying order that NXP asks the Court to reconsider, the Court may grant

23  leave to amend invalidity contentions "upon a timely showing of good cause."  P.L.R. 3-6.

24  Circumstances that may warrant a finding of good cause include "[a] claim construction by the

25  Court different from that proposed by the party seeking amendment."  *Id.*  In determining whether

26  _____

27        [1] Although the Civil Local Rules do not provide a vehicle to expedite determination of this
motion, *see* Civ. L.R. 7-9(d), NXP respectfully requests prompt consideration to allow adequate
28  time for development of the record before trial if the motion is granted.

good cause exists, courts consider (1) whether the moving party acted with diligence in amending its contentions and (2) whether the non-moving party would be prejudiced if leave to amend is granted. *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C12-05501-SI, 2014 WL 1648175, at *2 (N.D. Cal. Apr. 23, 2014) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363, 1368 (Fed. Cir. 2006)).  The "good cause requirement [of P.L.R. 3-6] does not require perfect diligence." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *5 (N.D. Cal. May 13, 2016) (citation omitted).

## III.  ARGUMENT

### A.  The Setting of a New Trial Date and Events During Trial Constitute Either a Material Difference in Facts or the Emergence of New Material Facts Warranting Reconsideration.

In denying NXP's motion for leave to amend its invalidity contentions, the Court's order made clear that timing was everything.  The Court advanced the decision of that motion because "we are in the midst of trial." Dkt. 411 at 1.  The Court's analysis of diligence centered on the "shifting of arguments" during pre-trial proceedings, including Impinj's decision not to disclose its proposed construction of claim 1's final limitation as non-substantive until "the prefiling context" of its summary judgment motion, rather than during claim construction.  *Id.* at 2.  But the Court "retains discretion to grant leave to amend even in the absence of diligence[.]" *Google LLC v. Sonos, Inc.*, No. 20-cv-03845-EMC (TSH), 2021 WL 4061718, at *6  (N.D. Cal. Sept. 7, 2021) (citing *Apple Inc. v. Samsung Elecs*. Co., No. CV 12–00630 LHK, 2012 WL 5632618, at *5-6 (N.D. Cal. Nov. 15, 2012)).  And on that front, the Court found, "importantly, significant prejudice would result [from amendment during trial]:  more discovery would be required and trial strategy entirely upended." Dkt. 411 at 2.

Since the Court denied NXP leave to amend its invalidity contentions during trial, the prejudice analysis has been flipped on its head.  Specifically, the Court has set a re-trial for March 18, 2024, more than four months away, and thus the prejudice inherent in adding an invalidity reference during trial has dissipated.  Moreover, statements by both the jury and Impinj's counsel at trial reinforce the extreme prejudice to NXP that would result from evaluating the validity of the asserted claims without considering a reference that only became prior art after the Court

1  entered its summary judgment order finding infringement.  These circumstances, whether

2  characterized as "a material difference in facts" or "new material facts," warrant reconsideration

3  of the Court's order denying NXP leave to amend its invalidity contentions.

4  **1.    The setting of a new trial materially changes the prejudice analysis.**

5  When NXP moved on June 20 for leave to amend its invalidity contentions to add

6  HITAG, trial was just two weeks away.  The nearness of trial—in fact, the trial was underway by

7  the time briefing on NXP's motion concluded—was undeniably critical to the Court's evaluation

8  of NXP's motion.  The potential for "more discovery" during trial and the inevitable disruption of

9  "trial strategy" were "important[]" reasons for the Court's denial.  Dkt. 411 at 2.

10  These concerns lessened significantly, if not dissipated entirely, when the Court issued its

11  orders granting a new trial on the validity of the '302 patent and—just a week ago—setting the re-

12  trial for March 18, 2024.  In conjunction with its original motion, NXP filed its amended

13  invalidity contentions on June 20, 2023, which included a chart mapping the HITAG prior art to

14  the asserted claims.  Dkt. 367-4.  The chart shows that HITAG satisfies every limitation of claim

15  1 except the final limitation regarding fluid flow, which the Court held on May 22 is not a

16  substantive limitation entitled to patentable weight.  With four months before trial, there is ample

17  time for the parties to exchange supplemental expert reports on HITAG, take short depositions,

18  and incorporate HITAG into their trial strategy.  Far from "upend[ing]" the parties' trial strategy

19  (Dkt. 411 at 2), adding HITAG would streamline that strategy by shifting the focus of the validity

20  trial from an obviousness combination to a single anticipatory reference.  Were the Court to

21  permit NXP to move for summary judgment of invalidity based on HITAG, the addition of this

22  reference may even obviate the need for the Court to empanel a jury and hold another trial.

23  In short, the fact that a re-trial of the '302 patent's validity has now been set for more than

24  four months from now removes the prejudice motivating denial of amendment in the first place.

25  **2.    Statements by both the jury and Impinj's counsel at trial reinforce the**
26  **prejudice to NXP in barring amendment of its invalidity contentions.**

27  In contrast, the facts surrounding the original trial establish the significant prejudice to

28  NXP of excluding HITAG as prior art.  Because HITAG was admissible at trial as a non-

1    infringing alternative, the jury saw that reference and Impinj observed HITAG's impact on the

2    jury.  Both the jury's and Impinj's counsel's reactions reflect the significance of HITAG to the

3    validity of the asserted claims of the '302 patent.

4           At trial, all of the jury's non-damages-related questions during deliberations concerned the

5    '302 patent, and one expressly addressed HITAG's role in the '302 patent's validity:  "Is the

6    HITAG's product data sheet (Ex. 160.4) considered prior art?"  Dkt. 428 at 6.  Having denied

7    NXP's motion to amend its invalidity contentions to add HITAG as an anticipatory reference for

8    the '302 patent, the Court instructed the jury that the data sheet "was not identified as 'a prior art

9    reference.'"  *Id.*  At minimum, this colloquy suggests that jurors, presented with evidence of

10   HITAG, may reasonably doubt the novelty of the asserted claims.  Indeed, Impinj's own counsel

11   recognized that HITAG practices every substantive limitation of the '302 patent's claims:  "Now,

12   candidly, I think [HITAG] infringes."  Tr. at 1388:12-13.  But HITAG pre-dates the '302 patent

13   and therefore it does not infringe; it anticipates.

14          While NXP has believed HITAG anticipates since the Court construed claim 1's final

15   limitation to be non-substantive in its May 22 summary judgment order, the facts that a jury and

16   Impinj's counsel appear to agree with that belief are new and different.  Excluding HITAG as

17   prior art prejudices NXP, stripping away a key piece of evidence that a jury in March 2024 could

18   reasonably find invalidates the asserted claims of the '302 patent.

19          **B.     NXP Has Exercised Reasonable Diligence in Bringing This Motion.**

20          NXP had no basis to bring this motion until the Court ordered a new trial on the '302

21   patent's validity and no context for addressing the extent of the changed circumstances before this

22   Court's November 3 order setting the re-trial for March 18, 2024.  NXP's filing of this motion

23   within five court days of that order is nothing if not diligent.  That the trial is still more than four

24   months away simply reinforces the reasonableness of NXP's diligence.

25          Before the November 3 order, NXP had no ability to evaluate whether granting leave to

26   amend would be prejudicial, as it did not know when the re-trial would be set and whether that

27   date would allow adequate time to incorporate HITAG into the parties' trial strategies.  As soon

28   as NXP learned the date of the re-trial—which provides ample time for both expert reports and

1  summary judgment—NXP filed its motion.  And the sooner reconsideration is granted, the sooner

2  the parties can incorporate HITAG into their trial preparation.

3  **IV.**   <u>**CONCLUSION**</u>

4      The Court should grant NXP leave to move for reconsideration of the order denying it

5  leave to amend its invalidity contentions to add HITAG as prior art.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NXP'S MOTION FOR LEAVE TO FILE A
MOTION FOR RECONSIDERATION
Case No. 4:19-CV-03161-YGR

Dated: November 13, 2023                    JONES DAY

By:/s/ *Michael C. Hendershot*
    Michael C. Hendershot

    Tharan Gregory Lanier
    (California State Bar No. 138784)
    tglanier@jonesday.com
    Michael C. Hendershot
    (California State Bar No. 211830)
    mhendershot@jonesday.com
    Gurneet Singh
    (California State Bar No. 333711)
    gsingh@jonesday.com
    JONES DAY
    1755 Embarcadero Road
    Palo Alto, CA 94303
    Telephone:  (650) 739-3939
    Facsimile:  (650) 739-3900

    Thomas W. Ritchie (admitted *pro hac vice*)
    (Illinois State Bar No. 6301954)
    twritchie @jonesday.com
    Lisa L. Furby (admitted *pro hac vice*)
    (Illinois State Bar No. 6312855)
    lfurby@jonesday.com
    John M. Michalik (admitted *pro hac vice*)
    (Illinois State Bar No. 6280622)
    jmichalik@jonesday.com
    Timothy J. Heverin (admitted *pro hac vice*)
    (Illinoi State Bar No. 06243107)
    tjheverin@jonesday.com
    JONES DAY
    110 North Wacker Drive, Suite 4800
    Chicago, IL 60606
    Telephone:  (312) 782-3939
    Facsimile:  (312) 782-8585

    Yury Kalish (admitted *pro hac vice*)
    (D.C. State Bar No. 1020172)
    ykalish@jonesday.com
    Tracy A. Stitt (admitted *pro hac vice*)
    (D.C. State Bar No. 1015680)
    tastitt@jonesday.com
    Robert Levent Herguner (admitted *pro hac vice*)
    (New York State Bar No. 5722228)
    rlherguner@jonesday.com
    JONES DAY
    51 Louisiana Ave., N.W.
    Washington, D.C. 20001
    Telephone:  (202) 879-3939
    Facsimile:  (202) 626-1700

T. Kaitlin Crowder (admitted *pro hac vice*)
(Ohio State Bar No. 0095796)
Robert M. Breetz (admitted *pro hac vice*)
(Ohio State Bar No. 0098968)
kcrowder@jonesday.com
JONES DAY
901 Lakeside Ave. E.
Cleveland, OH 44114
Telephone:  (216) 586-7347
Facsimile:  (216) 579-0212

Matthew J. Silveira
(California State Bar No. 264250)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
msilveira@jonesday.com

Attorneys for Defendant
NXP USA, INC.

NXP'S MOTION FOR LEAVE TO FILE A
MOTION FOR RECONSIDERATION
Case No. 4:19-CV-03161-YGR