Ramsey M. Al-Salam, Bar No. 109506
Christina J. McCullough, Bar No. 245944
Antoine M. McNamara, Bar No. 261980
R. Tyler Kendrick, admitted *pro hac vice*
Jessica J. Delacenserie, admitted *pro hac vice*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Tel: 206.359.8000 / Fax: 206.359.9000
RAlsalam@perkinscoie.com
CMcCullough@perkinscoie.com
AMcNamara@perkinscoie.com
RKendrick@perkinscoie.com
JDelacenserie@perkinscoie.com

Daniel T. Shvodian, Bar No. 184576
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650.838.4300 / Fax: 650.737.5461
DShvodian@perkinscoie.com

Daniel T. Keese, Bar No. 280683
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Tel: 503-727-2000 / Fax: 503-727-2222
DKeese@perkinscoie.com

Attorneys for Plaintiff IMPINJ, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPINJ, INC., | Case No. 4:19-cv-03161-YGR |
| Plaintiff, | **IMPINJ, INC.'S OPPOSITION TO NXP USA, INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF TRIAL ORDER NO. 3 DENYING MOTION TO AMEND INVALIDITY CONTENTIONS** |
| v. | |
| NXP USA, INC., | |
| Defendant. | |

I.      **INTRODUCTION**

The Court properly denied NXP's eve-of-trial motion to amend its invalidity contentions, and there is no reason why it should entertain a motion for reconsideration of that Order now. The Court denied NXP's motion because NXP was not diligent in raising its own product art, and because allowing the amendment would cause prejudice to Impinj. Nothing material has changed for either of those factors. NXP cannot go back in time to act diligently and allowing an amendment now would still cause Impinj significant prejudice. More specifically, NXP's proposed amendment would require new fact discovery (e.g., there has never been fact discovery on the HITAG, a product not identified until the last day of fact discovery), and new expert discovery, including new expert reports and new expert depositions. Indeed, fairness would require that Impinj be allowed to amend its infringement contentions to add claim 2 of the '302 patent, a claim that specifically recites that the "the channel is shaped to facilitate a flow of a liquid adhesive" during assembly, an element NXP *admits* is not disclosed in the HITAG product. That, in turn, might require new discovery and reports on both infringement and validity, and new summary judgment briefing. Such immense disruption to the trial is not warranted when NXP was not diligent to begin with and there is a new trial only because the jury was not instructed that dependent claims incorporate the limitations of independent claims.[1]

At this point, although the Court has initially allocated more time, the retrial on validity should take no more than four to five hours. NXP has put forth a single obviousness combination, and the parties' two experts testified on validity for less than three hours total at the first trial. The only other evidence relevant to validity is secondary considerations, such as copying and commercial success. That additional evidence can be presented in no more than one to two hours. The retrial should thus be able to be completed in one day, or two days at the most. In contrast, allowing NXP to bring in new prior art would generate a cascade of new issues that would need to

---

[1] As Impinj explained in its opposition to NXP's motion for a new trial, the jury necessarily rejected NXP's proposed obviousness combination in finding that independent claim one had not been proven invalid. Dkt. 451 at 2:23-5:20. The confusion arose because the instruction that dependent claims incorporate the limitations of independent claims was dropped and the Court, in response to a jury question, told the jury that all claims should be considered "independently." *Id.*; *see also* Dkt. 428 at 5 (juror note no. 2).

be addressed. None of this is warranted by a retrial caused by jury confusion about dependent claims, especially when the facts about NXP's lack of diligence have not changed.

## II.     RECONSIDERATION IS DISFAVORED

Under Local Rule 7-9, a party seeking reconsideration of a Court order "must specifically show reasonable diligence in bringing the motion" and either: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought," (2) "[t]he emergence of new material facts or a change in law occurring after the time of such order," or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments…." LR 7-9(b). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions." LR 7-9(c).

Under Patent Local Rule 3-6, amendment of invalidity contentions "may be made only by order of the Court upon a timely showing of good cause." PLR 3-6. "The good cause inquiry is two-fold: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted." *Google LLC v. Sonos, Inc.*, No. 20-cv-03845, 2021 WL 4061718, at *4 (N.D. Cal. Sept. 7, 2021). If the party seeking modification of the pre-trial schedule was not diligent, "the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Google LLC*, 2021 WL 4061718, at *5 ("Diligence is the critical issue in the good cause determination.") (internal quotation omitted). "[L]ack of prejudice to the party opposing modification does not establish good cause." *France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-cv-04967, 2014 WL 1899616, at *2 (N.D. Cal. May 12, 2014). In other words, lack of diligence is a sufficient basis to deny a motion to amend.

## III.    THE COURT PROPERLY DENIED NXP'S MOTION TO AMEND

Two weeks before trial began, NXP moved for leave to introduce a datasheet for its HITAG product as a prior art reference. NXP argued that the basis for its amendment was the Court's May 22 Summary Judgment Order holding that the final limitation of claim 1 of the '302 patent should not be afforded patentable weight. NXP also argued that its motion would not prejudice Impinj for

various reasons.  Impinj's opposition refuted both NXP's diligence and prejudice arguments.  Dkt. 396 at 6:6-9:4, 10:12-13:3.  First, Impinj pointed out that NXP should have known that the last element of claim one might not be limiting as early as February 5, 2020 (when NXP questioned before the PTAB whether the final limitation of claim 1 should be afforded patentable weight) or, alternatively, by September 22, 2022 (when Impinj sought summary judgment because, in part, the final limitation of claim 1 should not be afforded patentable weight).  NXP thus failed to act diligently in seeking to amend.  Second, Impinj identified multiple reasons why allowing the amendment would prejudice Impinj, including the need to reopen fact and expert discovery.  Impinj also distinguished the legal authority that NXP relied on to argue that public policy considerations excused its lack of diligence.  *Id.* at 9:5-10:11.

The Court's Trial Order No. 3 (Dkt. 411) denied NXP's motion for leave to amend its invalidity contentions.  The Court's Order found that NXP did not satisfy either the diligence or prejudice inquiry set forth in Patent Local Rule 3-6.  First, the Court held that NXP's diligence clock began running by at least September 2022 and that NXP did not seek to amend its invalidity contentions even though NXP identified HITAG in discovery by at least April 2022.  Instead, "NXP chose to stand its ground and not seek to amend its invalidity contentions [which] demonstrates the choice was strategic, not merit-based."  Dkt. 411 at 2:17-26.  The Court also recognized the reason for the diligence inquiry set forth in the Local Rules—to "stop the shifting of arguments and gamesmanship."  *Id.*

The Court's Order also addressed the prejudice inquiry finding that "[e]ven if [NXP's] motion had merit, NXP should not have waited until June 20, 2023, to file its motion."  *Id.* at 2:27-3:5. The Court concluded that it would not encourage NXP's behavior of "changing arguments after one (or the other) receives an adverse ruling."  *Id.* at 3:4-5.[2]

The Court's Order was correct then and remains correct because nothing material has changed with respect to diligence or prejudice. The unfortunate jury confusion at trial regarding dependent claims does not in any manner change the Court's conclusion about diligence or the

---

[2] Similarly, "[t]he prejudice inquiry is included to prevent the parties from shifting their theories in reaction to adverse substantive rulings in order to prevent the shifting sands approach to claim construction."  *Google LLC*, 2021 WL 4601718, at *6 (internal quotations omitted).

IMPINJ'S RESPONSE TO NXP'S MOTION FOR LEAVE
CASE NO. 4:19-cv-03161-YGR-AGT

1    prejudice to Impinj caused by NXP's attempt to make wholesale amendments to its invalidity

2    contentions long after the deadline to do so and after the close of fact discovery and even a trial.

3    **IV.    NXP'S MOTION FOR LEAVE SHOULD BE DENIED**

4    **A.    "Events" Identified by NXP Do Not Constitute a Material Difference in Facts or Emergence of New Material Facts Warranting Reconsideration**

5    To justify leave to file a motion for reconsideration, NXP must identify a material difference

6    in fact or law that exists or new material facts that warrant reconsideration of the Court's Order.

7    LR 7-9(b).  NXP argues the existence of three "material" changes: (1) the Court setting a new trial

8    on validity of the '302 patent in view of the jury's inconsistent verdict; (2) a question from the jury

9    concerning the HITAG datasheet; and (3) a single out of context statement by Impinj's counsel in

10   response to a juror note.  None of these justify reconsideration of the Court's Order.

11   First, NXP ignores the Court's holding that it was not diligent in bringing the underlying

12   motion.  At best, NXP attempts to minimize the Court's holding on diligence by arguing that the

13   Court's Order "was a decision premised on concerns of undue prejudice and disruption of trial."

14   Dkt. 489 at 2:4-5.  There is no plausible argument that anything has happened that changes NXP's

15   lack of diligence.  Indeed, there is no way NXP could cure its previous lack of diligence.  This in

16   itself is a sufficient basis for denying NXP's motion for leave to seek reconsideration.

17   **1.    The New Trial Does Not Eliminate Prejudice to Impinj Caused by the Introduction of a New Invalidity Argument**

18

19   NXP next argues that the Court's new trial on validity of the '302 patent dissipates Impinj's

20   prejudice because it allows for the parties to exchange supplemental expert reports on the HITAG,

21   take short depositions, and incorporate HITAG into their trial strategy.  Dkt. 489 at 4:10-22.  This

22   grossly oversimplifies the facts.  First, the argument ignores that there has been *no fact discovery*

23   on the HITAG, and the Court's schedule does not contemplate reopening fact or expert discovery.

24   Fact discovery would have to be reopened before the HITAG datasheet could be considered

25   prior art.  NXP identified the HITAG, but not as prior art, for the first time in an interrogatory

26

27

28

response on the ***last day*** of fact discovery in this matter.  *See* Dkt. 367-08 at 4.[3]  NXP's identification of the HITAG product or datasheet was limited to the context of non-infringing alternatives.  There has been no fact discovery on the HITAG datasheet as a purported prior art reference, including on key issues such as whether the HITAG datasheet even qualifies as prior art. Similarly, NXP's failure to raise this earlier prevented Impinj from deposing NXP personnel on conception and development of the HITAG or engaging in other fact discovery to test NXP's late-disclosed invalidity theory.  Similarly, expert reports would need to be regenerated and expert discovery would need to be reopened to address NXP's proposed amendments.  The parties' experts have ***never*** opined on the HITAG datasheet (outside of non-infringing alternatives) and its applicability to the asserted claims of the '302 patent.  Finally, if the datasheet is prior art, and if NXP were allowed to raise this as a new invalidity theory, then Impinj should be allowed to amend its contentions to assert claim 2 of the '302 patent, which specifically recites that the "the channel is shaped to facilitate a flow of a liquid adhesive" during assembly, an element that NXP concedes is not disclosed by the HITAG product or datasheet.  In other words, allowing NXP to introduce new prior art would open a "Pandora's box" of new issues.

The Court's Order for the retrial contemplates no such expansion of the issues (nor should it).  Under the Court's Order witness and exhibit lists are due January 22, 2024.  Dkt. 486 ¶ 5.  The parties, therefore, would only have two months (not four months as NXP argues) to complete both the additional fact and expert discovery.  NXP does not identify how the Court's schedule allows for discovery to be reopened and completed in two months that include holidays.  Completing fact and expert discovery now would not be possible without delaying the retrial on validity of the '302 patent, which would result in further significant prejudice to Impinj.[4]

---

[3] The first time that NXP identified the HITAG datasheet as a purported prior art reference is one day before NXP filed its original motion for leave to amend, and after the close of fact discovery.  Dkt. 396-07 (NXP counsel email).

[4] NXP is now an adjudicated infringer of five Impinj patents, including the '302 patent, which the jury found was willfully infringed, and the evidence showed NXP copied Impinj's big pads feature.  In a recent trial in Texas, the jury found NXP is infringing three other Impinj patents, originally asserted in the instant case, and rejected NXP's contentions that Impinj is infringing two patents that NXP licensed just to assert against Impinj.  *See Impinj, Inc. v. NXP USA, Inc.*, No. 6:21-cv-00530, Dkt. 324 (W.D. Tex.) (jury verdict).  NXP has not ceased its infringement of any of Impinj's patents and has yet to pay Impinj anything for such infringement.  NXP should not be

Moreover, adding the HITAG would prejudice Impinj by unfairly complicating the upcoming trial.  NXP relied on a single obviousness invalidity position at trial, which the parties' experts addressed in less than three hours. As mentioned above, the retrial of that obviousness combination and the invalidity issues raised at trial should take no more than three to five hours total.  Permitting NXP to change its invalidity theory at this stage would amount to a wholesale do-over.

Such prejudice is unjustified, especially under the circumstances here.  The HITAG was an NXP product, and the datasheet that NXP seeks to introduce is from its own product, was in its possession, and should have been disclosed long before the eve of trial.  NXP should not be permitted to disrupt Impinj's trial strategy and preparation based on its own failure to timely disclose alleged prior art.

**2.    Jury Questions and Statements by Impinj's Counsel Do Not Support Reconsideration of the Court's Order**

NXP also argues that facts surrounding the original trial establish "significant prejudice to NXP" of excluding HITAG as prior art.  Specifically, NXP identifies the jury's and Impinj's counsel's reaction to the purported significance of HITAG as new "facts." Dkt. 489 at 4:27-5:18. But NXP's arguments have no relevance to NXP's underlying motion.  Patent Local Rule 3-6 does not include prejudice to the ***moving*** party as a consideration for the Court when determining whether a moving party should be permitted to amend its invalidity contentions.  *See generally* PLR 3-6 (reciting "absent undue prejudice to the non-moving party").  NXP's arguments that it is prejudiced have no bearing on its motion for leave to request reconsideration.

Even if purported prejudice to NXP were a relevant factor, neither "fact" identified by NXP supports reconsideration of the Court's denial of NXP's motion to amend.  First, NXP raises the jury's note and question on whether the HITAG is prior art.  This only occurred because NXP deliberately disregarded the Court's Order excluding the HITAG as a prior art reference.  For example, during direct examination of Dr. Subramanian, NXP's expert, NXP's counsel, over

_____

permitted to delay retrial on the validity of the '302 patent to allow its willful infringement to persist.

1  sustained objections, repeatedly attempted to elicit testimony that the HITAG was released before

2  the priority date of the '302 patent and disclosed every claim element.  Tr. (Subramanian) at

3  1044:20-1047:10. During closing arguments, NXP's counsel improperly argued to the jury that

4  HITAG has every element of the asserted claims but was only excluded from this trial due to "a

5  procedural reason."  Tr. at 1334:4-22.  NXP's counsel was clearly trying to get in the HITAG as

6  prior art in contravention of the Court's earlier Order.  Those arguments were misleading and

7  improper and are what caused the jury to ask about the prior art status of the HITAG datasheet.

8       Second, Impinj's counsel's offhand statement about HITAG possibly infringing an

9  unidentified claim is not a "fact" that supports allowing NXP to move for reconsideration.  The

10  single statement referenced by NXP was made in the context of the parties' deliberation on how to

11  respond to the juror's note on HITAG and the fact that the HITAG is only a non-infringing

12  alternative.  Specifically, Impinj's counsel was just addressing Impinj's burden on addressing the

13  HITAG as a non-infringing alternative and whether HITAG had been shown to be prior art.  Such

14  statements from counsel are not evidence.  A single statement from Impinj's counsel outside of the

15  prior art context does not warrant reopening a Pandora's box of fact discovery, contentions, expert

16  reports, and other matters.

17  **B.    NXP Did Not Exercise Reasonable Diligence in Bringing Its Motion**

18       NXP argues that it was diligent in bringing its motion because it had no basis to do so before

19  the Court ordered a new trial on the '302 patent's validity.  NXP ignores that it did not move for

20  reconsideration of the Court's motion during trial, and that it never moved for judgment as a matter

21  of law on invalidity of the '302 patent.  NXP had opportunities to move for reconsideration at any

22  time since the jury verdict, such as when NXP moved for a new trial on invalidity and mentioned

23  HITAG, and certainly at any time since the Court granted NXP's motion for a new trial on validity

24  on September 28, 2023 (Dkt. No. 471).   NXP instead delayed *again* before moving for

25  reconsideration.  NXP should not be permitted to redo its entire case now simply because the Court

26  granted a new trial to resolve the jury's inconsistent verdict based on the different prior art evidence

27  that was presented at trial.

28

1

**V.      CONCLUSION**

2        For the foregoing reasons, the Court should deny NXP's motion for leave to move for

3   reconsideration of its Order excluding the HITAG datasheet as prior art.  The Court should limit

4   the upcoming trial to the issues previously disclosed and presented on validity.

5

6   Dated: November 16, 2023

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: *Ramsey M. Al-Salam*
Ramsey M. Al-Salam, Bar No. 109506
Christina J. McCullough, Bar No. 245944
R. Tyler Kendrick (admitted *pro hac vice*)
Jessica J. Delacenserie (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Tel:  206.359.8000
Fax:  206.359.9000
RAlSalam@perkinscoie.com
CMcCullough@perkinscoie.com
RKendrick@perkinscoie.com
JDelacenserie@perkinscoie.com

Daniel T. Shvodian, Bar No. 184576
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304
Tel: 650.838.4300
Fax: 650.737.5461
DShvodian@perkinscoie.com

Daniel T. Keese, Bar No. 280683
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Tel: 503.727.2000
Fax: 503.727.2222
DKeese@perkinscoie.com

Attorneys for Plaintiff IMPINJ, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via U.S. District Court CM/ECF notification on November 16, 2023 to all counsel of record.

*/s/ Ramsey M. Al-Salam*
Ramsey M. Al-Salam
