Ramsey M. Al-Salam, Bar No. 109506
Christina J. McCullough, Bar No. 245944
Antoine M. McNamara, Bar No. 261980
R. Tyler Kendrick, admitted *pro hac vice*
Jessica J. Delacenserie, admitted *pro hac vice*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Tel: 206.359.8000 / Fax: 206.359.9000
RAlsalam@perkinscoie.com
CMcCullough@perkinscoie.com
AMcNamara@perkinscoie.com
RKendrick@perkinscoie.com
JDelacenserie@perkinscoie.com

Daniel T. Shvodian, Bar No. 184576
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650.838.4300 / Fax: 650.737.5461
DShvodian@perkinscoie.com

Daniel T. Keese, Bar No. 280683
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Tel: 503-727-2000 / Fax: 503-727-2222
DKeese@perkinscoie.com

Attorneys for Plaintiff Impinj, Inc..

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPINJ, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NXP USA, INC.,<br><br>    Defendant. | Case No. 4:19-cv-03161-YGR-VKD<br><br>**PLAINTIFF IMPINJ, INC.'S RETRIAL MOTIONS IN LIMINE** |

Pursuant to this Court's Standing Order Re: Pretrial Instructions in Civil Cases (Updated December 21, 2023), Pretrial Order No. 1A: Retrial Date (Dkt. No. 486), and the parties' agreement, Plaintiff Impinj, Inc. ("Impinj") hereby moves *in limine* for an order precluding Defendant NXP USA, Inc. ("NXP") from offering any argument, evidence, or testimony as more fully set forth below.

## I. MOTION IN LIMINE NO. 1: PRECLUSION OF EVIDENCE RELATING TO HITAG

Impinj respectfully seeks an order precluding NXP from presenting evidence, testimony, or argument related to its allegedly prior art HITAG product during the upcoming retrial on validity issues on the '302 patent. The product was not timely identified as prior art, NXP has already lost two motions to amend its contentions to add it, and it has no relevance to the issue of whether the '302 claims at issue can be proven invalid. Finally, there is a significant risk that NXP will simply use it to try to confuse the jury, as it did at the first trial in contravention of the Court's Order.

NXP already lost its eve-of-trial motion to amend its invalidity contentions to add the HITAG product. *See* Dkt. No. 367 (motion); Dkt. No. 396 (opposition); Dkt. 411 at 2-3 (Trial Order No. 3 denying NXP's motion based on NXP's lack of diligence and the significant prejudice to Impinj that would result from NXP presenting alleged prior art that was not identified and addressed during discovery in violation of the deadlines set by the Court).

Despite the Court's denial of its motion to amend, during the first trial NXP repeatedly elicited testimony and argued that HITAG was prior art, at times in the guise of a non-infringing alternative. Trial Tr. (Zenz) 967, 986-87 (eliciting testimony from NXP witness about NXP allegedly inventing large pads with HITAG before the '302 patent), 1044-47 (Subramanian) (eliciting testimony from NXP's expert that the HITAG allegedly predates the '302 patent and attempting to elicit testimony regarding anticipation over multiple objections), 1334 (arguing HITAG includes every element in closing), 1339-1341, 1352-53 (asserting NXP already had everything with HITAG during closing), 1382-1399 (arguing in response to a jury note that the Court should instruct the jury that HITAG should be considered as prior art). In short, NXP used the non-infringing alternative justification to flout the Court's Order and confuse the jury. And

NXP succeeded in confusing the jury, as reflected in the jury asking whether HITAG was to be considered prior art. *See* Dkt. No. 428 (Jury Note No. 3).

After the trial, NXP once again sought to shoehorn HITAG back into the case, seeking reconsideration of the Court's Trial Order No. 3 that denied its motion to amend. Dkt. No. 489 (motion); Dkt. No. 491 (opposition). Indeed, NXP argued that the jury *had* considered HITAG to be prior art. Dkt. No. 489 at 2, 4-5. The Court again denied NXP's attempt at reconsideration, noting that the Court's order of a limited retrial should not be construed as permitting NXP to present theories that were not before the jury in the previous trial and that the only ground of invalidity that NXP presented at trial was the combination of Eberhardt and Ching-San.[1] Dkt. No. 495 at 2.

At the upcoming retrial of validity, NXP should be precluded from introducing evidence, testimony or argument relating to HITAG. This should include excluding Trial Exhibits 159, 160, 413, 1292, 1293, and 1310 from evidence. The upcoming retrial is limited to validity issues and HITAG has repeatedly been excluded as prior art. NXP previously introduced HITAG as a non-infringing alternative, but that is irrelevant to validity because non-infringing alternatives are only relevant to damages, which is not at issue in the retrial. Accordingly, under Federal Rules of Evidence 401 and 403, HITAG is not relevant to the issues in the retrial, or at least is far more prejudicial than probative of the invalidity issues.

NXP may argue that HITAG is relevant to copying. But it is not. Copying can be relevant to validity because an infringer's copying of a patented invention is evidence of nonobviousness. *Amgen Inc. v. Sandoz Inc.*, 66 F.4th 952, 963 (Fed. Cir. 2023) (quoting *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 660 (Fed. Cir. 2000)) ("Thus, there are a variety of objective indicia of

---

[1] Under the Court's order denying leave for NXP to move for reconsideration. NXP is only permitted to present the Eberhardt and Ching-San combination and not the other theories in NXP's invalidity contentions, much less HITAG, which the Court has repeatedly ruled cannot be presented as an invalidity reference. Dkt. No. 495 at 2 ("The only ground NXP advanced at trial for the obviousness of the asserted claims of the '302 patent was the combination of Eberhardt and Ching-San …. Nothing in the Court's orders should be construed as an invitation to … re-litigate the validity of the '302 patent as to entirely new invalidity grounds involving new prior art references that were not before the jury in the previous trial…."); *see also* Dkt No. 471 at 4, 8-9 ("The only ground NXP advanced at trial for the obviousness of the asserted claims of the '302 was the combination of Eberhardt and Ching-San."); Dkt No. 486.at 1 (setting a retrial).

1  nonobviousness that may inform the circumstances surrounding the origin of the subject matter
2  sought to be patented including, but not limited to, 'commercial success, long-felt but unresolved
3  need, failure of others, copying, and unexpected results.'")  In the instant case, NXP's documents
4  reflect that NXP adopted its infringing pads in response to customer praise for Impinj's innovative
5  large pads.  *See, e.g.*, Trial Ex. 229 at 229.19 ███████████████████████████████████
6  ████████████████████████████████████████████████████████████████████████████████████
7  ██████████████████████████████████████████████████████████████████████; July 12, 2023
8  Trial Tr. (Zenz) at 974:10-976:17, 980:7-18; Dkt. No. 472 ("Impinj has shown a connection
9  between the harm and the infringement where, in this basically two-player market, customers have
10 clamored for the large pads of the '302 patent.").  NXP's witness, Mr. Zenz, admitted that NXP
11 adopted that design to correspond to Impinj's designs for customer convenience.  July 11, 2023
12 Trial Tr. (Zenz) at 914:19-916:6 ("And by that, our -- basically, it's for the customer much more
13 convenient if they have set up a production line for UHF production, yeah, and to use Impinj. And
14 they can use basically the same settings. They can use the same queue and they just use the same
15 design and -- from NXP and vice versa. Because then they save all the conversion time on the
16 equipment to set up the equipment newly for a kind of different pad design.")  Further, the parties'
17 products at issue are ultra-high frequency (UHF)  "RAIN" integrated circuits that use "flip-chip"
18 methods to attach the ICs to antennas.  HITAG is not a UHF product that uses flip-chip. *See* July
19 6, 2023 Trial Tr. (Diorio) at 242:4-11; July 6, 2023 Trial Tr. (Oliver) at 321:17-322:14, 326:24-
20 327:16; July 12, 2023 Trial Tr. (Zenz) at 984:16-985:18, 988:9-989:3 (HITAG is a low frequency
21 not UHF); . More importantly, there is no evidence that NXP used the HITAG pads on its infringing
22 products.  *See, e.g.* July 12, 2023 Trial Tr. (Zenz) at 984:16-985:18, 988:9-989:3.  The undisputed
23 evidence is that it adopted large pads for its infringing products because of the popularity of that
24 feature on Impinj's products, not because it was on a different non-UHF wire-bonded NXP product.
25        Given that there is no relevance to the HITAG product, and that NXP misleadingly
26 presented its relevance in the original trial for the purpose of confusing the jury, it should be
27 precluded from making any reference to HITAG in the upcoming trial.
28

Dated: January 12, 2024.

By: */s/ Ramsey M. Al-Salam*
Ramsey M. Al-Salam, Bar No. 109506
Christina J. McCullough, Bar No. 245944
Antoine M. McNamara, Bar No. 261980
R. Tyler Kendrick (admitted *pro hac vice*)
Jessica J. Delacenserie (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, 49th Floor
Seattle, WA 98101
Tel: 206.359.8000
Fax: 206.359.9000
RAlSalam@perkinscoie.com
CMcCullough@perkinscoie.com
AMcNamara@perkinscoie.com
RKendrick@perkinscoie.com
JDelacenserie@perkinscoie.com

Daniel T. Shvodian, Bar No. 184576
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Tel: 650.838.4300
Fax: 650.737.5461
DShvodian@perkinscoie.com

Daniel T. Keese, Bar No. 280683
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Tel: 503.727.2000
Fax: 503.727.2222
DKeese@perkinscoie.com

*Attorneys for Plaintiff Impinj, Inc.*