1  Ramsey M. Al-Salam, Bar No. 109506
   Christina J. McCullough, Bar No. 245944
2  Antoine M. McNamara, Bar No. 261980
   R. Tyler Kendrick, admitted *pro hac vice*
3  Jessica J. Delacenserie, admitted *pro hac vice*
   PERKINS COIE LLP
4  1201 Third Avenue, Suite 4900
   Seattle, WA 98101
5  Tel: 206.359.8000 / Fax: 206.359.9000
   RAlsalam@perkinscoie.com
6  CMcCullough@perkinscoie.com
   AMcNamara@perkinscoie.com
7  RKendrick@perkinscoie.com
   JDelacenserie@perkinscoie.com
8
   Daniel T. Shvodian, Bar No. 184576
9  PERKINS COIE LLP
   3150 Porter Drive
10 Palo Alto, CA 94304-1212
   Tel: 650.838.4300 / Fax: 650.737.5461
11 DShvodian@perkinscoie.com

12 Daniel T. Keese, Bar No. 280683
   PERKINS COIE LLP
13 1120 NW Couch Street, 10th Floor
   Portland, OR 97209-4128
14 Tel: 503-727-2000 / Fax: 503-727-2222
   DKeese@perkinscoie.com
15
   Attorneys for Plaintiff Impinj, Inc..
16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19 | IMPINJ, INC., | Case No. 4:19-cv-03161-YGR-VKD
20 |               Plaintiff, |
21 |     v.        | **[PROPOSED] JOINT PRETRIAL CONFERENCE STATEMENT**
22 | NXP USA, INC., |
23 |               Defendant. | Date: March 18, 2024
24 |                          | Time: 8:00 a.m.
                              Location: Courtroom 1, 4th Floor
                              Judge: Hon. Yvonne Gonzalez Rogers

Pursuant to Section 2 of the Court's Standing Order re: Pretrial Instructions in Civil Cases (updated December 21, 2023), Plaintiff Impinj, Inc. ("Impinj") and Defendant NXP USA, Inc. ("NXP") (collectively, the "Parties") hereby submit this Joint Pretrial Conference Statement.

## I. THE ACTION

### A. The Parties

The Parties to this action are Impinj, Inc., a Delaware corporation with its principal place of business at 400 Fairview Avenue North, Seattle, Washington 98109, and NXP USA, Inc., a Delaware corporation with its principal place of business at 6501 William Cannon Drive West, Austin, Texas 78735.

### B. Substance of the Action

This is an action for patent infringement, and the jurisdiction of the Court arises under the Patent Act, 35 U.S.C. § 271 et seq. The Court has original jurisdiction over this controversy pursuant to 27 U.S.C. §§ 1331 and 1338(a). Jurisdiction, venue, and Impinj's standing to bring this suit are not disputed. The issues of infringement, willful infringement and damages (through the earlier trial and motion practice) have already been decided.[1] The upcoming trial relates solely to NXP's affirmative defense that claims 1, 3, 4, and 7 of U.S. Patent No. 9,633,302 (the "'302 patent") are invalid as obvious.

#### 1. The Parties Claims

The jury returned a verdict in the earlier trial that NXP has directly infringed claims 1, 12, and 15 of U.S. Patent No. 8,115,597 (the "'597 patent")[2], and claims 1, 3, 4, and 7 of U.S. Patent No. 9,633,302 (the "'302 patent") (collectively, the "Asserted Patents") and that such infringement of the '302 patent was willful. Infringement of the '302 patent was based on NXP's sales of the following integrated circuits:

- UCODE 8, UCODE 8m, and UCODE 9 products infringes claims 1, 3, 4, and

---

[1] NXP preserves all rights to appeal the Court's summary judgement ruling of infringement with respect to the '302 patent as well as the jury verdict with respect to willful infringement and damages.

[2] NXP preserves all rights to appeal the jury verdict with respect to the '597 patent.

7 of the '302 patent.

The upcoming trial is limited to a NXP's affirmative defense and counterclaim that claims 1, 3, 4, and 7 of U.S. Patent No. 9,633,302 (the "'302 patent") are invalid as obvious[3].

### 2. Relief Requested

Impinj seeks dismissal of NXP's affirmative defense of obviousness. NXP seeks a declaratory judgment that all asserted claims of the '302 patent are invalid as obvious.

## II. THE FACTUAL BASIS OF THE ACTION

### A. Undisputed Facts

The parties stipulate to the facts contained in each party's statement of undisputed material facts that the responding party confirmed was undisputed. The parties also stipulate to the following facts for incorporation into the trial record without the necessity of supporting testimony or exhibits:

1. Impinj is a Delaware corporation with its principal place of business at 400 Fairview Avenue North, Seattle, Washington 98109.
2. NXP is a Delaware corporation, with a principal place of business at 6501 William Cannon Drive West, Austin, Texas 78735.
3. NXP is an indirect subsidiary of NXP B.V.
4. NXP was acquired by NXP B.V. via acquisition from Freescale Semiconductor Inc. in December 2015.
5. Impinj is the owner of the Asserted Patents.
6. Harley Heinrich is listed as the named inventor on the '302 patent.
7. The '302 patent was filed on March 31, 2015.
8. The '302 patent has a priority date of March 31, 2015.
9. The '302 patent issued on April 25, 2017.
10. NXP has been aware of the '302 patent since August 11, 2017.

---

[3] It is Impinj's position that the upcoming trial is limited to NXP's affirmative defense the asserted claims of the '302 patent are invalid as obvious over the combination of Eberhardt and Ching-San, the only combination NXP raised at the prior trial.

CASE NO. 4:19-CV-03161-YGR-AGT

11. Impinj accused NXP of infringing the '302 patent by letter dated October 6, 2017.

**B.  Disputed Facts**

1. Whether NXP has proven, by clear and convincing evidence, that one or more of claims 1, 3, 4, and 7 of the '302 patent are invalid.
2. Whether long-felt need for the claimed inventions, copying, licensing, praise, industry recognition and commercial success rebut any prima facie case of obviousness.[4]
3. The skill level a person of ordinary skill in the art would have for the '302 patent.

**C.  Agreed Statement**

This action is not suitable for presentation upon an agreed statement of facts, except as stated above under the Undisputed Facts.

**D.  Stipulations**

**1.  Stipulated Motion *in Limine*[5]**

In an effort to avoid motion practice, the parties have agreed that Impinj will not introduce evidence of the PTAB decision rejecting NXP's petition for inter partes review of the '302 patent unless NXP introduces evidence or argument that warrants such introduction. The parties have also agreed they will not reference the other lawsuits (including the '597 patent litigation, the Washington or the Waco lawsuits) unless either party introduces evidence or argument that warrants such introduction.

**2.  Proposed Order on Stipulations Re: Conduct of Trial**

The parties have agreed to a number of stipulations concerning certain trial disclosures. These stipulations will be included in a Proposed Order on Stipulations Re: Conduct of Trial to

---

[4] It is NXP's position that Impinj never properly disclosed during discovery that it intended to rely on long-felt need, copying or licensing as secondary considerations of non-obviousness. In response to an interrogatory on this point, Impinj only identified commercial success and industry praise as secondary considerations of non-obviousness, and Impinj should be precluded from eliciting testimony, evidence, or argument that any other secondary consideration supports non-obviousness.

[5] The Court granted Impinj's motion to strike Dr. van der Weide's opinions concerning prosecution history disclaimer. Dkt. No. 339 at 20-21. Impinj understands that Dr. van der Weide and NXP will not be offering opinions on this issue during trial.

be filed with the Trial Readiness Binder.

### III. DISPUTED LEGAL ISSUES

The following are disputed issues of law to be addressed or determined by the Court:

1. Whether NXP cannot prove, as a matter of law, that the asserted claims of the '302 patent are obvious under 35 U.S.C. § 103.

### IV. FURTHER DISCOVERY OR MOTIONS

The Parties do not have any discovery remaining or any discovery motions pending.

### V. ESTIMATE OF TRIAL TIME

Pursuant to the Court's November 3, 2023 Pretrial Order No. 1A Re: Re-trial Date (Dkt. 486), the parties understand that the Court will allot 8 hours of trial time to each party during a trial beginning March 18, 2024, at 8:00 AM, and ending approximately on March 21-22, 2023. Pursuant to the Court's Standing Order Re:  Pretrial Instructions in Civil Cases (updated December 21, 2023), the parties understand that the Court's trial day begins at 8:00 AM and ends at 1:40 PM with two 20-minute breaks, totaling 5 hours per trial day.  Accordingly, the parties understand that, following jury selection, the parties will divide the remaining time evenly.

### VI. PENDING MOTIONS BEFORE THE COURT

There are no motions pending with the Court other than motions in limine.

### VII. MOTIONS IN LIMINE

NXP filed the following motions in limine:

- NXP USA, Inc.'s Motion in Limine No. 1 to Preclude Impinj From Introducing Evidence of "Copying" Including Product "Teardowns"
- NXP USA, Inc.'s Motion in Limine No. 2 to Preclude Impinj From Eliciting Evidence or Argument Regarding the Court's Finding of Infringement
- NXP USA, Inc.'s Motion in Limine No. 3 to Preclude Impinj Referencing the Size, Wealth, or Number of Employees of Either Impinj or NXP
- NXP USA, Inc.'s Motion in Limine No. 4 to Preclude Impinj From Referring

to the '302 Patent as the Enduro Patent **(Mooted through resolution by the parties.)**

- NXP USA, Inc.'s Motion in Limine No. 5 Seeking an Order that Impinj Should not be Permitted to Tell the Jury that the '302 Patent is Entitled to a Presumption of Validity

Impinj filed the following motions in limine:

- Impinj's Retrial Motion In Limine No. 1 Seeking Preclusion of Evidence Relating to HITAG

## VIII. JUROR QUESTIONNAIRE AND ADDITIONAL QUESTIONS FOR JURY *VOIR DIRE*

Impinj and NXP previously filed proposed additional questions to include in the jury questionnaire. Impinj and NXP also previously filed additional questions for jury voir dire. These will be included in the trial readiness binder submitted to the Court.

## IX. TRIAL ALTERNATIVES AND OPTIONS

### A. Settlement Discussion

The Parties have engaged in settlement discussions, which have been unsuccessful. Further negotiations are not likely to be productive at this time.

### B. Consent to Trial Before a Magistrate Judge

The parties do not consent to trial before a Magistrate Judge for all or part of this action.

### C. Bifurcation, Separate Trial of Issues

Neither party desires bifurcation or separate trial of specific issues. The parties understand that the Court intends to bifurcate the invalidity trial from any hearing regarding remedies, including injunction.

## X. NXP'S STATEMENT OF LEGAL POSITION AND PRESERVATION FOR APPEAL REGARDING CERTAIN CLAIM CONSTRUCTION ISSUES

### A. '302 Patent: "separated" and "the channel is shaped to facilitate a fluid flow from the center to the first and second ends"

#### 1. NXP's Position

For clarity and in an abundance of caution, NXP provides notice that it preserves all of its objections to the Court's Claim Construction Orders (Dkts. 102, 130) regarding terms for which the Court did not adopt NXP's proposed constructions. S*ee O2 Micro Intl. Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1359 (Fed. Cir. 2008) (where an issue was "fully litigated and decided at the Markman stage of the litigation," no further objection to a jury instruction on claim construction is required)).

NXP also preserves its objections to the Court's constructions of the terms "separated" and "the channel is shaped to facilitate a fluid flow from the center to the first and second ends" of the asserted claims of U.S. Patent 9,633,302. The parties did not raise these terms to be construed during claim construction proceedings, and thus their meanings were not decided at that time. (See Dkts. 102, 130.) Although the Court did not expressly state its construction of "separated," the Court apparently construed the term's "plain and ordinary meaning" to mean that "the first and second antenna contacts" can be "separated" even though they are connected. (See, e.g., Dkt. 339 at 11, 18.) The Court also expressly construed "the channel is shaped to facilitate a fluid flow from the center to the first and second ends" not to be a substantive limitation that must be satisfied to prove infringement. (Dkt. 339 at 11, 18.) Accordingly, for purposes of preserving its rights on appeal, NXP provides notice that it objects to these constructions.

#### 2. Impinj's Position

Impinj does not object to NXP preserving its objections. But Impinj disagrees with NXP's and its expert's opinions and constructions of the term "separated" as conflicting with the plain and ordinary meaning of the term, in view of the specification of the '302 patent, for the reasons stated in Impinj's motion to strike certain opinions of Dr. Subramanian and motion for summary judgment of infringement of the '302 patent. Impinj also disagrees with NXP's and its expert's opinions and constructions of the term "the channel is shaped to facilitate a fluid flow

from the center to the first and second ends" as conflicting with Federal Circuit precedent for the reasons stated in Impinj's motion to strike certain opinions of Dr. Subramanian and motion for summary judgment of infringement of the '302 patent.

Dated: January 26, 2024.

| | |
|---|---|
| By: */s/ Lisa L. Furby* | By: */s/ Ramsey M. Al-Salam* |
| Lisa L. Furby | Ramsey M. Al-Salam, Bar No. 109506 |
| | Christina J. McCullough, Bar No. 245944 |
| Tharan Gregory Lanier | Antoine M. McNamara, Bar No. 261980 |
| (California State Bar No. 138784) | R. Tyler Kendrick (admitted *pro hac vice*) |
| tglanier@jonesday.com | Jessica J. Delacenserie (admitted *pro hac vice*) |
| Michael C. Hendershot | PERKINS COIE LLP |
| (California State Bar No. 211830) | 1201 Third Avenue, 49th Floor |
| mhendershot@jonesday.com | Seattle, WA 98101 |
| Gurneet Singh | Tel: 206.359.8000 |
| (California State Bar No. 333711) | Fax: 206.359.9000 |
| gsingh@jonesday.com | RAlSalam@perkinscoie.com |
| JONES DAY | CMcCullough@perkinscoie.com |
| 1755 Embarcadero Road | AMcNamara@perkinscoie.com |
| Palo Alto, CA 94303 | RKendrick@perkinscoie.com |
| Telephone: (650) 739-3939 | JDelacenserie@perkinscoie.com |
| Facsimile: (650) 739-3900 | |
| | Daniel T. Shvodian, Bar No. 184576 |
| Thomas W. Ritchie (admitted *pro hac vice*) | PERKINS COIE LLP |
| (Illinois State Bar No. 6301954) | 3150 Porter Drive |
| twritchie@jonesday.com | Palo Alto, CA 94304 |
| Lisa L. Furby (admitted *pro hac vice*) | Tel: 650.838.4300 |
| (Illinois State Bar No. 6312855) | Fax: 650.737.5461 |
| lfurby@jonesday.com | DShvodian@perkinscoie.com |
| JONES DAY | |
| 110 North Wacker Drive, Suite 4800 | Daniel T. Keese, Bar No. 280683 |
| Chicago, IL 60606 | PERKINS COIE LLP |
| Telephone: (312) 782-3939 | 1120 N.W. Couch Street, 10th Floor |
| Facsimile: (312) 782-8585 | Portland, OR 97209-4128 |
| | Tel: 503.727.2000 |
| Yury Kalish (admitted *pro hac vice*) | Fax: 503.727.2222 |
| (D.C. State Bar No. 1020172) | DKeese@perkinscoie.com |
| ykalish@jonesday.com | |
| Tracy A. Stitt (admitted *pro hac vice*) | *Attorneys for Plaintiff Impinj, Inc.* |
| (D.C. State Bar No. 1015680) | |
| tastitt@jonesday.com | |
| JONES DAY | |
| 51 Louisiana Ave., N.W. | |
| Washington, D.C. 20001 | |
| Telephone: (202) 879-3939 | |
| Facsimile: (202) 626-1700 | |
| | |
| T. Kaitlin Crowder (admitted *pro hac vice*) | |
| (Ohio State Bar No. 0095796) | |
| Robert M. Breetz (admitted *pro hac vice*) | |
| (Ohio State Bar No. 0098968) | |
| kcrowder@jonesday.com | |
| JONES DAY | |
| 901 Lakeside Ave. E. | |

Cleveland, OH 44114
Telephone: (216) 586-7347
Facsimile: (216) 579-0212

Attorneys for Defendant
NXP USA, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via U.S. District Court CM/ECF notification on January 26, 2024 to all counsel of record.

                                          */s/ Ramsey M. Al-Salam*
                                          Ramsey M. Al-Salam