Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Michael C. Hendershot (State Bar No. 211830)
mhendershot@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

[Additional counsel identified on signature pages]

Attorneys for Defendant
NXP USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IMPINJ, INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>NXP USA, INC.,<br><br>              Defendant. | Case No. 4:19-CV-03161-YGR<br><br>**NXP USA, INC.'S ELEMENTS OF PROOF** |

Pursuant to Section 2(a)(i) of the Court's Standing Order Re: Pretrial Instructions in Civil Cases (updated December 21, 2023), NXP USA, Inc. hereby submits the following statement of elements of proof for its defenses and counterclaims, including summaries of the evidence anticipated to prove them.

## 1. Invalidity of U.S. Patent No. 9,633,302.

NXP asserts as both a defense and as a counterclaim for declaratory judgment of invalidity that claims 1, 3, 4, and 7 of the '302 patent are invalid in view of the prior art. NXP bears the burden of proving invalidity. To prove that claims 1, 3, 4, and 7 of the '302 patent are invalid, NXP must show that (1) a single prior art reference includes each and every limitation of each of claims 1, 3, 4, and 7, either expressly or inherently, see, e.g., *Trintec Indus., Inc. v. Top-U.S.A. Corp.*, 295 F.3d 1292, 1295 (Fed. Cir. 2002) ("A single prior art reference anticipates a patent claim if it expressly or inherently describes each and every limitation set forth in the patent claim."), or (2) the invention of claims 1, 3, 4, and 7 would have been obvious to a person of ordinary skill in the art in view of a single prior art reference or combination of prior art references, 35 U.S.C. § 103; see also *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007); *Graham v. John Deere Co.*, 383 U.S. 1 (1966); U.S.D.C. N.D. Cal. Model Patent Jury Instructions, Instruction B.4, 4.3b (Alternative 2).

NXP asserts that claims 1, 3, 4, and 7 of the '302 patent are anticipated by or are obvious in view of U.S. Patent No. 7,578,053 ("Nishigawa") alone or in combination with prior art reference U.S. Patent No. 6,246,327 ("Eberhardt"). NXP also asserts that the invention of claims 1, 3, 4, and 7 of the '302 patent would have been obvious in view of prior art reference Eberhardt, in combination with U.S. Patent No. 6,184,581 ("Cornell"), U.S. Patent Application Publication No. 2011/0139501 ("Ching-san"), and/or "TOWARDS A BETTER UNDERSTANDING OF UNDERFILL ENCAPSULATION FOR FLIP CHIP TECHNOLOGY: PROPOSED DEVELOPMENTS FOR THE FUTURE," Ken Gilleo, et al., Microelectronics International (1999) ("Gilleo").

**Claim 1:** To demonstrate that claim 1 of the '302 patent is anticipated by Nishigawa, or is obvious in view of Nishigawa alone or in combination with Eberhardt, or is obvious in view of

1 | Eberhardt in combination with Cornell, Ching-san, and/or Gilleo, NXP must show that the prior
2 | art references include or render obvious the following limitations:

  i. [1-pre] A Radio Frequency Identification (RFID) integrated circuit (IC) comprising:

  ii. [1-a] an IC substrate;

  iii. [1-b] a first antenna contact disposed on, and confined within a perimeter of, a surface of the IC substrate; and

  iv. [1-c] a second antenna contact disposed on, and confined within the perimeter of, the surface of the IC substrate; wherein:

  v. [1-d] the first and second antenna contacts are separated by a channel having a first end, a second end opposite the first end, and a center between the first end and the second end;

  vi. [1-e] the channel spans a majority of a width of the IC substrate;

  vii. [1-f] a first transverse channel cross-section at the first end is substantially the same size as a second transverse channel cross-section at the second end and substantially larger than a third transverse channel cross-section at the center; and

  viii. [1-g] the channel is shaped to facilitate a fluid flow from the center to the first and second ends.

**Claim 3:** To demonstrate that claim 3 of the '302 patent is anticipated by Nishigawa, or is obvious in view of Nishigawa alone or in combination with Eberhardt, or is obvious in view of Eberhardt in combination with Cornell, Ching-san, and/or Gilleo, NXP must show that the prior art references include or render obvious the following limitations:

  i. The RFID IC of claim 1, wherein the channel has a non-convex shape.

**Claim 4:** To demonstrate that claim 4 of the '302 patent is anticipated by Nishigawa, or is obvious in view of Nishigawa alone or in combination with Eberhardt, or is obvious in view of Eberhardt in combination with Cornell, Ching-san, and Gilleo, NXP must show that the prior art references include or render obvious the following limitations:

  i. The RFID IC of claim 1, wherein the channel is substantially symmetric about at

least one plane orthogonal to the surface of the IC substrate.

**Claim 7:** To demonstrate that claim 7 of the '302 patent is anticipated by Nishigawa, or is obvious in view of Nishigawa alone or in combination with Eberhardt, or is obvious in view of Eberhardt in combination with Cornell, Ching-san, and Gilleo, NXP must show that the prior art references include or render obvious the following limitations:

    i.    [3-pre] The RFID IC of claim 1, wherein each of the antenna contacts includes:

    ii.    [3-a] a raised nonconductive structure; and

    iii.    [3-b] a conductive layer disposed on the raised nonconductive structure.

**Motivation to Combine References.** To the extent NXP contends the inventions of claims 1, 3, 4, and 7 of the '302 patent would have been obvious in view of the combination of Nishigawa and Eberhardt, or Eberhardt and Cornell, Ching-san, and/or Gilleo, NXP also must show there would have been some motivation for a person of ordinary skill in the art to combine the references to arrive at the inventions of claims 1, 3, 4, and 7.

To prove invalidity of claims 1, 3, 4, and 7 of the '302 patent, NXP may rely on the testimony of Dr. Vivek Subramanian; cross-examination testimony of Dr. Scott Thompson; the disclosures of the '302 patent, Eberhardt, Cornell, Ching-san, Gilleo, Nishigawa, and other prior art references reflecting the state of the art as of the effective filing date. NXP may also rely on relying on rebuttal testimony (of already disclosed witnesses), the scope of which will be determined by Impinj's response.

    **2.**    **No Injunctive Relief.**

Impinj bears the burden of proving entitlement to injunctive relief, and NXP does not bear any burden of proving that Impinj is not entitled to injunctive relief. To obtain injunctive relief, Impinj must show that (1) it has suffered irreparable injury; (2) legal remedies, such as money damages, are inadequate compensation for the injury; (3) the balance of hardships between the patentee and the infringer indicates that an equitable remedy is warranted; and (4) the public interest would not be harmed by the award of an injunction. *See eBay v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). To prove irreparable injury, Impinj must prove a "causal nexus" between

the alleged harm and the alleged infringement, meaning that the patented features actually impact consumers' decisions to purchase the accused products. *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 639 (Fed. Cir. 2016). Because Impinj bears the burden of proving entitlement to injunctive relief, NXP will prevail on its defense of no injunctive relief by showing that Impinj has failed to prove any one of the required elements. NXP notes that injunctive relief is an equitable remedy, and thus, evidence solely directed to Impinj's claim for an injunction should not be presented to the jury.

To show that Impinj has not met its burden with respect to injunctive relief, NXP may rely on testimony of NXP witnesses, which may include Kurt Bischof, Lee Chastain, Ralf Kodritsch, Hermann Zach, Nigel Stott, Christian Zenz, Franz Amtmann, Roland Brandl, Ray Henling, Sai Rajen and David Haas; cross-examination testimony of Impinj's witnesses, which may include Christopher Diorio, Ronald Oliver, Jeffrey Dossett, and Drew Dannels; documentation concerning the design and marketing of the accused NXP products; documentation reflecting trends in and the state of the RFID IC market, competition, and the parties' respective performances; documentation concerning the parties' sales figures.

### 3. No Attorneys' Fees.

Impinj bears the burden of proving that attorneys' fees pursuant to 35 U.S.C. § 285 are available as a potential remedy in this case, and NXP does not bear any burden of proving that attorneys' fees are not available. To show that attorneys' fees are available as a potential remedy, Impinj must prove that this is an exceptional case. 35 U.S.C. § 285. Because Impinj bears the burden of proving availability of attorneys' fees, NXP will prevail on its defense of no injunctive relief by showing that Impinj has failed to prove that this case is exceptional.

To show that Impinj has not met its burden with respect to attorneys' fees, NXP may rely on testimony of NXP's and Impinj's fact and expert witnesses; the disclosures of the asserted patents and prior art references; documents concerning the design, function, and marketing of the accused NXP products; correspondence between the parties; and other filings and submission to the Court.

| | | |
|---|---|---|
| 1 | Dated: January 26, 2024 | JONES DAY |
| 2 | | |
| 3 | | By: */s/ Lisa L. Furby* |
| 4 | | Lisa L. Furby |

                         Tharan Gregory Lanier
(California State Bar No. 138784)
tglanier@jonesday.com
Michael C. Hendershot
(California State Bar No. 211830)
mhendershot@jonesday.com
Gurneet Singh
(California State Bar No. 333711)
gsingh@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

Thomas W. Ritchie (admitted *pro hac vice*)
(Illinois State Bar No. 6301954)
twritchie@jonesday.com
Lisa L. Furby (admitted *pro hac vice*)
(Illinois State Bar No. 6312855)
lfurby@jonesday.com
John M. Michalik (admitted *pro hac vice*)
(Illinois State Bar No. 6280622)
jmichalik@jonesday.com
Timothy J. Heverin (admitted *pro hac vice*)
(Illinois State Bar No. 6243107)
tjheverin@jonesday.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Yury Kalish (admitted *pro hac vice*)
(D.C. State Bar No. 1020172)
ykalish@jonesday.com
Tracy A. Stitt (admitted *pro hac vice*)
(D.C. State Bar No. 1015680)
tastitt@jonesday.com
Robert Levent Herguner (admitted *pro hac vice*)
(New York State Bar No. 5722228)
rlherguner@jonesday.com
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939

Facsimile:  (202) 626-1700

T. Kaitlin Crowder (admitted *pro hac vice*)
(Ohio State Bar No. 0095796)
Robert M. Breetz (admitted *pro hac vice*)
(Ohio State Bar No. 0098968)
kcrowder@jonesday.com
JONES DAY
901 Lakeside Ave. E.
Cleveland, OH 44114
Telephone:  (216) 586-7347
Facsimile:  (216) 579-0212

Matthew J. Silveira
(California State Bar No. 264250)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
msilveira@jonesday.com

Attorneys for Defendant
NXP USA, INC.