Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Michael C. Hendershot (State Bar No. 211830)
mhendershot@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

[Additional counsel identified on signature pages]

Attorneys for Defendant
NXP USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IMPINJ, INC., <br><br> Plaintiff, <br><br> v. <br><br> NXP USA, INC., <br><br> Defendant. | Case No. 4:19-CV-03161-YGR <br><br> **NXP USA, INC.'S RESPONSE TO IMPINJ'S POSITION STATEMENT REGARDING DAMAGES PER DKT. 509** |

NXP USA Inc.'s Resp. to Impinj's Position
Statement on Damages per Dkt. 509
Case No. 4:19-CV-03161-YGR

1    The Court asked the parties for a stipulation specifying the damages to be awarded on the
2    '302 patent depending upon the jury's verdict in the retrial. (Dkt. 509 at 1.) The parties were
3    able to do so, stipulating to damages through July 6, 2023 based on the original jury's award as
4    modified by the Court's orders on the parties' post-trial motions. (Dkt. 513.)[1] But Impinj then
5    submitted an additional "position statement" on "supplemental damages" dating from the original
6    jury's damages award through entry of a future final judgment. (Dkt. 512-4.) As that description
7    concedes, "supplemental" damages are different from a damages verdict, as they cover sales
8    made after the period covered by the jury's award.

9    NXP does not dispute that if the jury affirms the validity of the '302 patent, Impinj may
10   attempt to prove supplemental damages. But Impinj's positions here are unreasonable, and go
11   beyond what the Court requested of the parties. Many issues relating to supplemental damages
12   for the '302 patent are not ripe, and thus briefing supplemental damages is premature.

13   Among other things, Impinj's position as to both the rate and the base for a post-trial
14   damages award requires consideration of evidence that was not before the jury, including
15   supplemental sales data and new damages methodologies.[2] If Impinj wanted a further jury
16   verdict on damages, it needed to ask for a damages phase of the new trial. It did not. Instead, the
17   parties agreed that the scope of the new trial would be limited to invalidity of the '302 patent. If
18   Impinj wishes to introduce new briefing and evidence it believes support its post-trial damages
19   theories, it should request as much through the appropriate procedure, *i.e.*, a motion similar to the
20   one the parties extensively briefed last October, after the jury renders a verdict on the '302 patent,

---

[1] Through that Stipulation, NXP USA and Impinj "agreed on the math" for damages associated with the '302 patent through July 6, 2023, consistent with the Court's prior Order (Dkt. 471 at 16). NXP USA does not agree that it conceded the sufficiency of the evidence for lost profits for the '597 patent alone—an issue that arises only if the '302 patent is found invalid—and reserves all rights to appeal the Court's rulings including but not limited to whether Impinj has proven entitlement to lost profits for either or both patents and whether certain sales shipped to AdvanIDe Americas in Hong Kong are properly included in the damages base.

[2] Impinj references in its "position statement" a letter it sent to NXP USA, proposing a new damages methodology relating to sales shipped to AdvanIDe in Hong Kong. As Impinj noted, NXP USA did respond and did reject that methodology, but Impinj neglected to attach NXP USA's responsive letter, in which NXP USA identified an exemplary but fatal flaw in Impinj's approach. For completeness, that letter is attached hereto as Exhibit 1.

at which point the disputed issues will be ripe.

Should the jury determine that the '302 patent is valid, NXP USA will respond fully to Impinj's arguments in accordance with any briefing schedule set by the Court. NXP USA respectfully submits that the Court should decline to entertain Impinj's supplemental damages arguments at this time and in this posture.

| | | |
|---|---|---|
| 1 | Dated: February 2, 2024 | JONES DAY |

By: */s/ Michael C. Hendershot*
    Michael C. Hendershot

Tharan Gregory Lanier
(California State Bar No. 138784)
tglanier@jonesday.com
Michael C. Hendershot
(California State Bar No. 211830)
mhendershot@jonesday.com
Gurneet Singh
(California State Bar No. 333711)
gsingh@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

Thomas W. Ritchie (admitted *pro hac vice*)
(Illinois State Bar No. 6301954)
twritchie@jonesday.com
Lisa L. Furby (admitted *pro hac vice*)
(Illinois State Bar No. 6312855)
lfurby@jonesday.com
John M. Michalik (admitted *pro hac vice*)
(Illinois State Bar No. 6280622)
jmichalik@jonesday.com
Timothy J. Heverin (admitted *pro hac vice*)
(Illinois State Bar No. 6243107)
tjheverin@jonesday.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Yury Kalish (admitted *pro hac vice*)
(D.C. State Bar No. 1020172)
ykalish@jonesday.com
Tracy A. Stitt (admitted *pro hac vice*)
(D.C. State Bar No. 1015680)
tastitt@jonesday.com
Robert Levent Herguner (admitted *pro hac vice*)
(New York State Bar No. 5722228)
rlherguner@jonesday.com
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

|   |   |
|---|---|
| 1 | T. Kaitlin Crowder (admitted *pro hac vice*) |
|   | (Ohio State Bar No. 0095796) |
| 2 | Robert M. Breetz (admitted *pro hac vice*) |
|   | (Ohio State Bar No. 0098968) |
| 3 | kcrowder@jonesday.com |
|   | JONES DAY |
| 4 | 901 Lakeside Ave. E. |
|   | Cleveland, OH 44114 |
| 5 | Telephone: (216) 586-7347 |
|   | Facsimile: (216) 579-0212 |

Matthew J. Silveira
(California State Bar No. 264250)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
msilveira@jonesday.com

Attorneys for Defendant
NXP USA, INC.

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

In accordance with Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the other signatory.

Executed this 2nd day of February, 2024, in Cleveland Ohio.

By: /s/ *T. Kaitlin Crowder*
T. Kaitlin Crowder