UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**IMPINJ, INC.,**

              Plaintiff,

      v.

**NXP USA, INC.,**

              Defendant.

Case No.  19-cv-3161-YGR

**PRETRIAL ORDER NO. 3A RE: RETRIAL**

Having conducted a trial readiness conference on February 2, 2024, and for good cause shown, the Court enters the following orders:

1. **Stipulations:** The parties' joint stipulations regarding trial conduct (Dkt No. 358-2) remain in effect and will apply to the March 18, 2024 trial.

2. **Exhibit List:** The parties were instructed to provide the Court with an editable copy of the joint exhibit list (Dkt. No. 504-1), in portrait orientation, **by February 5, 2024.**

3. **Deposition Designations:** The Court expects the parties to resolve the bulk of their disputes regarding deposition designations before or during the course of the trial.  The current submissions failed to comply with the Court's Standing Order RE: Pretrial Instructions in Civil Cases.  To the extent there are any issues, they will need to be resolved at trial.

4. **Final Jury Instructions:** The Court will give the parties' proposed final jury instructions, and will not include NXP's proposed modification to Instruction B.4.3b of the U.S.D.C. N.D. Cal. Model Patent Jury Instructions.  If NXP feels that testimony at trial warrants a clarifying instruction regarding motivation to combine, NXP may request such an instruction at that time.

5. **Preliminary Jury Instructions:** The Court took argument on the few issues of disagreement.  These will be considered and are taken under submission.

6. **Preliminary Statement of the Case:** Having considered the arguments regarding burden of proof, the Court finds it is best suited to present this case as a declaratory judgment action for invalidity (*see* Section 13, *infra*.)  The parties are directed to submit revised proposed statements of the case **by February 26, 2024**.

United States District Court
Northern District of California

7. **<u>Jurors:</u>** The parties are advised that prospective jurors will be sent an electronic questionnaire, and the Court will share results with the parties hopefully by Wednesday, March 13, 2024. The Court has included the additional questions discussed at the conference. The parties shall meet and confer on whether to stipulate to excuse any jurors and shall advise the Court of the same **by noon on Friday, March 15, 2024**. The Court will make its own independent determinations to excuse on hardship grounds.

8. **<u>Jury Selection:</u>** The Court expects jury selection to conclude on Monday March 18, 2024, and the parties are expected to be ready to begin opening statements that afternoon.

9. **<u>Verdict Form:</u>** The Court will adopt Impinj's verdict form, with the following modification: The language "If you answered 'YES,' answer the following question. Otherwise, skip to the end and sign the form" shall be removed.

10. **<u>Injunctive Relief:</u>** The Court expects the parties to present evidence of injunctive relief while the jury is deliberating, beginning with NXP. The Court expects this evidence to take no more than five (5) hours in total. The parties shall file, **by March 11, 2024**, briefs of no more than ten (10) pages outlining their respective positions with regards to injunctive relief as to the '302 patent.

11. **<u>Scope of Prior Art:</u>** NXP may introduce any evidence it could have presented at the previous trial, and will be precluded from presenting any evidence that it could not have presented at the previous trial. To be clear, NXP will not be permitted to assert any prior art other than the combination of Eberhardt and Ching-San.

12. **<u>Order of Presentation:</u>** The Court finds that, for purposes of clarity of presentation, the trial be presented as a declaratory judgment action for invalidity, with NXP as the counterclaimant and Impinj as the counterclaim-defendant. Accordingly, NXP, as the party bearing the overall burden of proof, will begin by presenting its case-in-chief for invalidity, after which Impinj will present its case-in-chief for validity. NXP will then be given the opportunity to present a rebuttal case, and Impinj will be permitted limited rebuttal on any issues for which it bears the burden of proof (e.g., secondary considerations of nonobviousness).

*//*

13. **Other Orders:**

    a.  The parties will each be allotted eight (8) hours total, inclusive of opening statements and closing arguments.  This will not include time spent on jury selection, or evidence relating to injunctive relief presented to the Court during jury deliberations.

    b.  The parties are instructed to provide the court reporter with a glossary of technical terms in advance of trial.

    c.  Impinj's administrative motion to seal its position statement regarding damages is GRANTED.  This order terminates Dkt. No. 512.

IT IS SO ORDERED.

Dated: February 5, 2024

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
Northern District of California

3